**Ex parte Robert A. SMITH.**

**No. 69456.**

Court of Criminal Appeals of Texas,
En Banc.

June 5, 1985.

---

David Diaz, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Atty., and Joseph V. Collina, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an application for post-conviction habeas corpus pursuant to Art. 11.07, V.A. C.C.P.

Applicant contends that the State was barred from prosecuting him in Cause No. 5937 in the 36th District Court of San Patricio County after the trial court had dismissed such cause because it was taken into account while an unadjudicated offense in determining punishment in another cause pursuant to V.T.C.A. Penal Code, Sec. 12.45.[1]

The facts appear to be undisputed. On February 23, 1981, in a bench trial before the 36th District Court of San Patricio County, applicant entered a plea of guilty in Cause No. 5395–2 in which applicant was charged with the offense of aggravated robbery. After finding applicant guilty, punishment was assessed at seventeen years.

Upon subsequent motion of the State, the court dismissed Cause No. 5937 pending against applicant in the same court for the reason "Case considered during punishment phase in Cause No. 5395–2 ... (Article 12.45, Texas Penal Code)." The docket sheet in Cause No. 5937 shows "April 20, 1981 State Order of Dismissal entered. Taken into consideration in another case."

On November 7, 1983 pursuant to "State's Motion to Vacate Order of Dismissal pursuant to Sec. 12.45 entered April 30, 1981" the court entered the following order in Cause No. 5937:

"This cause having come to be heard on the State's Motion to Vacate the Order of Dismissal of April 30, 1981, pursuant to Sec. 12.45 of the Penal Code; the Court finds that since the conviction in Case No. 5395–2 is vacated, so should the Sec. 12.45 dismissal.

"So ordered. Case 5397 reinstated.

"Signed this the 7th day of November, 1983."

On November 7, 1983 applicant entered a plea of guilty before the court to aggrava-

1. The pertinent portion of Sec. 12.45 provides: "(a) A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sen-

tence for the offense or offenses of which he stands adjudged guilty.
"...
"(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense."

ted robbery in Cause No. 5937 and punishment was assessed at seventeen years.

The findings by that trial court following the habeas hearing reflect that the judicial confession introduced in the trial of Cause No. 5395–2 in 1981 was in fact a confession and stipulation to the offense alleged in Cause No. 5937. Based upon the foregoing the court concluded, "Without a valid conviction in Cause No. 5395–2, there is no jurisdiction to punish, and, if there is no jurisdiction to punish, there is no jurisdiction to dismiss pursuant to Sec. 12.45." The court cited our opinion in *Ex parte Chisena*, 623 S.W.2d 354 (Tex.Cr.App.1981) in its findings.

■ At the outset, it should be noted that the trial court did not have jurisdiction to vacate the judgment in Cause No. 5395–2 after the judgment of conviction therein had become final. Art. 11.07, V.A. C.C.P., *Ex parte Friday*, 545 S.W.2d 182 (Tex.Cr.App.1977).

With regard to the reinstatement of a case that has been dismissed, this Court has held that where a trial court has validly dismissed a case, the trial court has no authority to consider the dismissal ineffective and reinstate the case. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980); *Haley v. Lewis*, 604 S.W.2d 194 (Tex.Cr. App.1980).

■ We find the trial court's reliance upon Ex parte Chisena, supra to be misplaced. The indictment in the primary offense in *Chisena* was void, thus the trial court did not acquire jurisdiction and was without authority to assess punishment. This Court reasoned that since the proceeding was void, the court was unable to take into consideration in assessing punishment another unadjudicated offense. In the instant case there is no question about the trial court having acquired jurisdiction in Cause No. 5395–2. The fact that a stipulation and confession from another cause were mistakenly introduced by the State did not deprive the court of jurisdiction. While there may have been insufficient evidence to support the conviction, the proceeding was not void. The trial court had no authority to reinstate Cause No. 5937.

The relief sought is granted. The conviction for aggravated robbery in Cause No. 5937 in the 36th District Court, San Patricio County is set aside.