**Johnny Earl MYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01151–CR.**

Court of Appeals of Texas, Dallas.

Oct. 28, 1986.

Discretionary Review Refused March 4, 1987.

Larry B. Mitchell, Dallas, for appellant. Mary Jo Kain, Dallas, for appellee.

Before VANCE, WHITHAM and SCALES, JJ.

SCALES, Justice.

A jury found Johnny Earl Myers guilty of burglary of a vehicle. The trial court assessed punishment, enhanced by two prior felony convictions, at twenty-five years confinement in the Texas Department of Corrections. In his only point of error, appellant contends that the trial court erred in assessing punishment in excess of that provided by law. We agree. Consequently, we reverse and remand the cause

to the trial court for a new punishment hearing.

Appellant was indicted for burglary of a vehicle on May 9, 1985. The primary offense, burglary of a vehicle, is alleged in the first paragraph of the indictment. The second and third paragraphs, the enhancement portion of the indictment, each contain an allegation of a prior felony conviction. Appellant entered into a plea bargain agreement whereby he agreed to plead guilty, and in exchange, the State agreed to seek dismissal of paragraphs two and three of the indictment and recommend punishment of ten years. Pursuant to the agreement, and prior to trial, the State filed a motion to dismiss paragraphs two and three. On June 28, 1985, the trial court entered an order granting the State's motion to dismiss the enhancement paragraphs. During the guilty plea proceedings on the same day, however, the court refused to accept appellant's guilty plea because appellant testified that he was not guilty of the offense charged. The State then proceeded to trial without obtaining another indictment. At trial, on September 23, 1985, appellant pled not guilty to the first paragraph and was tried before a jury and found guilty.

At the punishment hearing, on October 7, 1985, appellant's attorney reminded the court that paragraphs two and three of the indictment had been dismissed by a court order. The court, concluding that the order granting the State's motion to dismiss the enhancement paragraphs was rendered as the result of clerical or administerial error, entered an order purporting to set aside the erroneous order. Appellant then pled not true to the allegations in the enhancement paragraphs. Over appellant's objection, the State presented evidence of the prior convictions contained in paragraphs two and three. Based on the State's evidence, the court found the allegations in paragraphs two and three to be true and assessed punishment at twenty-five years.

■ Appellant contends that the trial court erred in assessing punishment at

twenty-five years. We agree. Once an indictment is dismissed, the trial court loses jurisdiction and has no authority to reinstate the indictment. *Ex parte Smith*, 690 S.W.2d 601, 603 (Tex.Crim.App.1985); *Haley v. Lewis*, 604 S.W.2d 194, 197 (Tex. Crim.App.1980); *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App.1980). We conclude that a similar rule should be applied where enhancement paragraphs are dismissed from an indictment. Accordingly, we hold that once the trial judge dismisses one or more enhancement paragraphs from an indictment, the trial court loses jurisdiction over the paragraphs dismissed and cannot subsequently reinstate them in the indictment for purposes of enhancing punishment. The order purporting to reinstate paragraphs two and three was void and of no effect. *Cf. Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex.Crim.App. 1980) (order dismissing entire indictment exhausted court's jurisdiction and subsequent order attempting to reinstate the indictment was void).

■ Because the trial court could not reinstate the enhancement paragraphs, the convictions contained in the paragraphs could not be used to enhance appellant's punishment. *See Moore v. State*, 154 Tex. Crim.R. 307, 227 S.W.2d 219, 221 (1950) (for statutory enhancement purposes, State is limited to prior convictions alleged in indictment); *see also Mays v. Estelle*, 505 F.2d 116, 118 (5th Cir.1974) (to invoke enhancement provisions of Texas Penal Code, State must allege and prove prior convictions). Therefore, absent the enhancement paragraphs, the indictment alleged only that appellant committed burglary of a vehicle. Burglary of a vehicle, a third degree felony, is punishable by confinement in the Texas Department of Corrections for any term of not more than ten years or less than two years. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 1974) (providing punishment range for third degree felonies); *id.* § 30.04(c) (classifying burglary of a vehicle as a third degree felony). Consequently, because the trial court assessed appellant's punishment at twenty-five

years, we agree with appellant's contention that the trial court erred in assessing punishment in excess of that provided by law.

Reversed and remanded for a new punishment hearing.