NO. 07-99-0260-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 17, 2001

______________________________

ANTHONY WAYNE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 252
ND
 DISTRICT COURT OF JEFFERSON COUNTY;

NO. 77042; HONORABLE LARRY GIST, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In one issue, appellant asserts that his conviction for aggravated assault must be reversed because the trial court dismissed the cause with prejudice at the request of the State, and thus had no jurisdiction to reinstate it and put him to trial.  Agreeing that the conviction cannot stand, we sustain appellant’s issue.

The record reveals that the State filed a motion to dismiss on March 29, 1999, due to a missing witness.  That same day, the trial court signed the order of dismissal which stated, “Based on the State’s Motion, this case is hereby Dismissed.”  There also appears a handwritten notation on the dismissal as follows:  “With Prejudice - At Trial With Jury Available.”  The record reveals the order was filed the same day.  However, there additionally appears a handwritten notation added to the dismissal dated March 30, 1999, which reads as follows: “Withdrawn and Vacated by Agreement” and signed by the judge.  The case was then tried before a jury, and appellant was convicted and sentenced to ten years in the Institutional Division of the Department of Criminal Justice.  

Appellant asserts that once the dismissal was granted, the trial court lost jurisdiction, and even with the agreement of the parties, could not reinstate the case.  In response, the State concedes error on its part and agrees that the conviction should be reversed and appellant returned to the status he held at the time of the dismissal subject to reindictment.

  The jurisdiction of the trial court in a criminal case derives from the indictment. 
Garcia v. Dial
, 596 S.W.2d 524, 527 (Tex.Crim.App. 1980).  It is axiomatic that when a trial court has validly dismissed an indictment or criminal case, jurisdiction has been lost, and the trial court has no authority to reinstate the case.  
Ex parte Smith
, 690 S.W.2d 601, 603 (Tex.Crim.App. 1985); 
Garcia
, 596 S.W.2d at 528; 
Haley v. Lewis
, 604 S.W.2d 194, 197 (Tex.Crim.App. 1980).  Thus, we agree with the parties that any actions or proceedings after the time of the dismissal were void.  

However, the State’s motion for dismissal did not request a dismissal with prejudice. The attorney for the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers of the case setting out his reasons for dismissal.  Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 1989).  A trial court does not have the authority to dismiss a case unless the prosecutor requests a dismissal, except in certain circumstances.  
State v. Johnson
, 821 S.W.2d 609, 613 (Tex.Crim.App. 1991).  For example, a dismissal may be authorized by the trial court for a defect of form or substance, for the denial of the right to a speedy trial, under article 32.01 of the Code of Criminal Procedure when a person is detained and no charging instrument is properly presented, and if prosecutorial misconduct prejudicially violates a defendant’s right to counsel and the exclusion of the evidence will not cure the prejudice.  
State v. Terrazo
, 962 S.W.2d 38, 41 (Tex.Crim.App. 1998)
.  A dismissal may also be proper when a defendant suffers demonstrable prejudice or a substantial threat thereof, and where the trial court is unable to identify and neutralize the taint by any other means.  
Id.
  There is no such showing in the record before us of the existence of any of these situations.  The only evidence in the record indicates that a jury was present when the case was dismissed at the request of the prosecutor with the consent of the trial court.  Under these circumstances, the dismissal with prejudice was not proper.
(footnote: 1)
 

We therefore sustain appellant’s issue.  The judgment against appellant is vacated, and the cause is dismissed without prejudice.  

John T. Boyd

 Chief Justice

Do not publish.

    

FOOTNOTES
1:
Appellant concedes in his brief that the notation of “with prejudice” was “ineffective and unauthorized.”