Ella Wilhelminia **HALEY**, Petitioner,

v.

Hon. Harry **LEWIS**, Judge, Respondent.

**No. 65019.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 10, 1980.

John Alex Huddleston, Harlingen, for petitioner.

Harry D. Lewis, Brownsville, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an original action brought by the petitioner Haley seeking a writ of mandamus directing the Honorable Harry Lewis, Judge of the 138th District Court of Cameron County, respondent, to set aside his order of March 18, 1980, not granting petitioner's motion to set aside the indictment in Cause No. 79–CR–520–B and holding the same in abeyance pending an evidentiary hearing to be held after arraignment. In the alternative, petitioner seeks the issuance of a writ of prohibition preventing Judge Lewis from proceeding to trial in said cause number.

It is petitioner's contention that the indictment in Cause No. 79–CR–520–B has been dismissed under the provisions of the Speedy Trial Act and that the respondent was and is without jurisdiction to take further action in said cause. Reliance is had upon *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr. App.1980).

On April 22, 1979, the petitioner was arrested on warrants based on felony theft complaints charging her with taking money from her employer, Douglas Scott White. She was released on bond the same day. On October 24, 1979, the grand jury returned a felony theft indictment against the petitioner in Cause No. 79–CR–437–D. On December 6, 1979, a hearing in the 103rd District Court was held on the petitioner's motion to set aside the indictment for failure to comply with Article 32A.02, § 2(a), V.A.C.C.P. (Speedy Trial Act), since more than 120 days had elapsed following her arrest and release on bond.[1] An order dismissing the indictment based on such motion was entered on the date of the motion.

On December 12, 1979, a 30 count indictment charging the petitioner with theft from Douglas Scott White "pursuant to one scheme and continued course of conduct by said Defendant, Ella Wilhelminia Haley" was returned by the grand jury of the 107th District Court. This indictment alleged all such offenses occurred prior to petitioner's arrest on April 22, 1979. The indictment was apparently transferred to the 138th District Court and became Cause No. 79–CR–520–B.

---

1. Article 32A.02, V.A.C.C.P., provides in part:
   "Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

   "(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony . . . ."

Thereafter, the petitioner filed her "Motion to Set Aside the Indictment For Failure to Comply With the Speedy Trial Act." The motion was based on Articles 32A.02 and 28.061, V.A.C.C.P.,[2] and asserted the offense charged in the first indictment returned on October 24, 1979, arose out of the same transaction as which she was charged in the second indictment and was barred under the provisions of Article 28.061, supra. See footnote 2.

On February 22, 1980, the respondent conducted a hearing on said motion and heard argument by counsel of both parties and orally granted the motion and instructed counsel for the petitioner to prepare a written order of dismissal. A docket sheet entry was made indicating such action, followed by the respondent's initials. An entry in the minutes of the court was also made reflecting the action of the court in dismissing the indictment. Subsequently, however, the respondent refused to sign a formal written order of dismissal as he had requested be prepared. On March 18, 1980, the respondent, "on reflection," entered a written order that the petitioner's motion to set aside the indictment not be granted but held in abeyance pending an evidentiary hearing before arraignment. This action was then brought.

In *Garcia v. Dial,* supra, the court on August 28, 1978, dismissed an indictment because more than 120 days had passed since the commencement of the criminal action against the defendant in accordance with the Speedy Trial Act (Article 32A.02, V.A.C.C.P.), which became effective July 1, 1978. On October 18, 1978, this court in *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App. 1978), held that any time which had elapsed prior to July 1, 1978 after the commencement of the criminal action against a defendant was not to be considered in determining a motion to set aside an indictment on the ground that the State had not been ready within 120 days of the commence-

ment of the criminal action. Thereafter in Wade's case on October 26, 1978, the State filed a motion requesting the court to reconsider its earlier dismissal order and to reinstate the indictment and set the same for trial. After a hearing, the court granted such motion. On original application for mandamus to this court, it was held that when a trial court empowered with jurisdiction over a criminal case dismisses an indictment no case is then pending against the accused and no jurisdiction remains in the "dismissing court" and such court is without jurisdiction to reinstate the indictment and any such order attempting to do so is void and of no effect.

In his answer to these proceedings, the respondent contends *Garcia v. Dial,* supra, can be distinguished because Judge Dial actually entered a written order dismissing the indictment and another written order reinstating the indictment. Here, the respondent claims the written order of dismissal which he requested to be prepared was never signed by him and both parties knew the indictment had not been dismissed, and there was no case to be reinstated. We cannot agree.

Here, the respondent orally announced his decision to dismiss the indictment, an entry was made on the docket sheet to that effect and initialed by the respondent and an entry of the indictment's dismissal was made in the minutes of the court.

While it might be argued that the oral decision of dismissal by itself does not amount to a judgment or order of dismissal, cf., 20 Tex.Jur.2d, Dismissal, Etc., § 39, p. 223, or that any docket entry is a part of the official record, 39 Tex.Jur.2d, Revised, Motions and Orders, § 11, p. 293, nevertheless, it is the minutes of the court that constitute the official record of the court. 39 Tex.Jur.2d, Revised, Motions and Orders, § 14, p. 297; *Davidson v. State,* 44 Tex. Cr.R. 586, 73 S.W. 808 (1903). Here, all

---

2. Article 28.061, V.A.C.C.P., provides:

"If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction."

three of these things were done. Undoubtedly it would have been better practice to have entered a written judgment or order of dismissal, however, the refusal of the respondent to sign the same does not affect the validity of the dismissal under the facts of this case. The indictment was validly dismissed even in absence of a written order, and the court lost jurisdiction of the case. The respondent had no authority to reinstate the indictment or to consider the dismissal ineffective. "On reflection" the respondent may have considered his dismissal of indictment to have been based on an erroneous interpretation of the law, but this in no way affected the validity of his order of dismissal. A court may correct mechanical and clerical errors, but it may not correct judicial error. 39 Tex.Jur.2d, Revised, Motions and Orders, § 15, p. 299; *Arrington v. McDaniel*, 25 S.W.2d 295 (Tex. Com.App.1930); *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28 (Tex. 1971). See also *Garcia v. Dial*, supra.

For the reasons set forth in *Garcia v. Dial*, supra, which need not be re–discussed, we conclude the petitioner is entitled to a writ of mandamus directing the respondent to set aside the order rendered March 18, 1980 in Cause No. 79–CR–520–B and to dismiss that cause. Since we assume that the respondent will act accordingly, the writ will issue only in the event of failure to comply with our direction.