**Brenda ADAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05-92-00063-CR.**

Court of Appeals of Texas, Dallas.

Nov. 10, 1992.

Before LAGARDE, KINKEADE and KAPLAN, JJ.

### OPINION ON MOTION FOR REHEARING

KAPLAN, Justice.

Brenda Adams pleaded guilty to possession with intent to deliver a controlled substance. Punishment was assessed at fifty years' confinement and a $5000 fine.

Appellant filed a notice of appeal and pauper's oath. The trial court appointed John Nation to represent appellant on appeal. Nation made a professional evaluation of the record and concluded that there were no arguable grounds to be advanced. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim. App.1969). We reviewed the record and counsel's brief and found nothing that might arguably support an appeal. We affirmed appellant's conviction in an unpublished opinion on August 12, 1992.

■ Ross Teter, purportedly acting as counsel for appellant, has filed a motion for rehearing raising five points of error not raised in the original brief.[1] Appellant now contends that: (1) the evidence is insufficient to support her conviction; (2) she was denied effective assistance of counsel at trial and on appeal; (3) the trial court violated her right to counsel by appointing another attorney to represent her on ap-

peal; and (4) the trial court was required to make a judicial determination of indigency prior to imposing a fine and court costs. We overrule the motion for rehearing.

■ Initially, we are confronted with the question of whether to allow Teter to inject himself into this appeal at such a late stage. Generally, a criminal defendant who has adequate funds has a right to retain his own attorney. *Stearnes v. Clinton,* 780 S.W.2d 216, 221 (Tex.Crim.App. 1989). An indigent defendant is entitled to representation on appeal by court-appointed counsel. *Smith v. State,* 513 S.W.2d 586, 587 (Tex.Crim.App.1974). An indigent defendant is not entitled to select a particular attorney to be appointed by the court. *Stearnes v. Clinton,* 780 S.W.2d at 221. Of course, any attorney may represent a defendant on a pro bono basis. However, a defendant's right to counsel must not be manipulated in such a way that it substantially interferes with the efficient administration of justice. *See Burgess v. State,* 816 S.W.2d 424, 428 (Tex.Crim.App.1991).

■ In this case, Teter's attempt to enter the case and raise new points of error after an opinion has issued substantially interferes with the efficient administration of justice. This Court's administrative burden has increased dramatically in the past year. *See Mims v. State,* 828 S.W.2d 775, 777 fn. 4 (Tex.App.—Dallas 1992, pet. ref'd). We are reluctant to allow a second attorney to enter a case post-judgment in an attempt to coerce this Court to address points of error that we have found wholly frivolous and without merit.

■ Even if we allow Teter to appear at this late date, we have discretion not to address new points of error. *See Tallant v. State,* 742 S.W.2d 292, 294 (Tex.Crim. App.1987). The purpose of a motion for rehearing is to present errors of law which have been committed by the court. *Guild-*

---

1. Teter's motion for rehearing contains an affidavit which states that "[he] was retained by appellant and paid by her family and friends to represent her on rehearing before this Court." John Nation then filed a motion to withdraw as counsel for appellant. We granted the motion to withdraw on October 30, 1992. The affidavit attached to appellant's motion for rehearing is sufficient to show acceptance of employment by new counsel on appeal. *See* TEX.R.APP.P. 7; *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim. App.1991).

*er v. State*, 794 S.W.2d 765, 771 (Tex. App.—Dallas 1990, pet. ref'd). Teter's motion for rehearing asks us to review points of error that appellant's court-appointed counsel did not find meritorious. Presentation of points of error in a piecemeal fashion is inimical to the interests of orderly appellate procedure and judicial economy. *Cf. Gambill v. State*, 692 S.W.2d 106, 107 (Tex.Cr.App.1985) (discussing motions for rehearing in the Court of Criminal Appeals following refusal of petition for discretionary review). We are not presented with any unusual circumstances which compel us to grant the motion for rehearing and address the additional points raised by appellant. *Cf. Zule v. State*, 820 S.W.2d 801, 801–02 (Tex.Crim.App.1991) (court of appeals should have granted motion for rehearing to allow supplementation of appellate record).

The motion for rehearing is overruled.