ACCEPTED
01-14-00320-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 8:14:59 AM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00320-CR**

In the Court of Appeals
For the First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/21/2015 8:14:59 AM
CHRISTOPHER A. PRINE
Clerk

——————◆——————

**No. 1382166**
In the 183rd District Court
Of Harris County, Texas

——————◆——————

**Eric Baumgart**
*Appellant*

*v.*

**The State of Texas**
*Appellee*

——————◆——————

**State's Response to Appellant's
"Motion to Vacate Void Judgment"**

——————◆——————

**Clinton A. Morgan**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin St., Suite 600
Houston, Texas 77002
Telephone: 713 274 5826

**Devon Anderson**
District Attorney
Harris County, Texas

**Thomas Heyward Carter**
**Lauren Elizabeth Byrne**
Assistant District Attorneys
Harris County, Texas

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant has requested oral argument. However, this Court has already affirmed the appellant's conviction and denied rehearing. This is a motion that has been filed while the appellant's motion for *en banc* reconsideration is pending, and it raises claims that the appellant did not raise in his appellate brief. The State believes that oral argument on such a motion would be inappropriate and would cause needless delay in the disposition of this case.

The State notes that the Rules of Appellate Procedure give parties a right to oral argument only as it relates to their appellate briefs, not to miscellaneous motions. *See* Tex. R. App. P. 39.1.

# Table of Contents

Statement Regarding Oral Argument ...................................................i

Table of Contents ............................................................ ii

Index of Authorities ......................................................... iii

Statement of the Case ........................................................1

Summary of the Argument ...............................................2

Response to the Appellant's Motion ..............................3

The appellant's motion fails on the merits and is procedurally inappropriate. This Court should quickly deny it without opinion. .......3

 I. Background ..........................................................................3

  A. The appellant claimed that the trial court did not have jurisdiction to hear this case because the State could not prove the elements of the offense. ..........................................................3

  B. The trial court initially agreed with the appellant that it did not have jurisdiction, but it later changed its mind. ...........................4

 II. Addressing the Appellant's Motion on the Merits ...........................5

  A. The appellant's motions requested remedies that the trial court did not and could not grant. ............................................5

  B. The trial court did not issue an order, it merely stated its belief. ..................................................................... 10

 III. Addressing the Procedural Inappropriateness of the Appellant's Motion ............................................................................. 13

  A. This is an untimely motion in arrest of judgment that has been filed in the wrong court. .................................................. 13

  B. If this Court chooses to view the appellant's motion as some sort of motion for rehearing or amendment to his motion for *en banc* reconsideration, the motion would still be inappropriate... 16

Conclusion ............................................................. 18

Certificate of Service................................................. 19

# Index of Authorities

**Cases**

*Adams v. State*
843 S.W.2d 174 (Tex. App.—
Dallas 1992, no pet.) ........................................................................................ 17

*Baumgart v. State*
01-14-00320-CR, 2015 WL 5634246 (Tex. App.—
Houston [1st Dist.] Sept. 24, 2015, no. pet. h.)
(mem. op. not designated for publication) ......................................................1

*Browning v. Prostok*
165 S.W.3d 336 (Tex. 2005) ........................................................................... 16

*Crittendon v. State*
923 S.W.2d 632 (Tex. App.—
Houston [1st Dist.] 1995, no pet.) .................................................................. 14

*Ex parte Clinnard*
169 S.W.2d 181(Tex. Crim. App. 1943) ........................................................ 16

*Garcia v. Dial*
596 S.W.2d 524 (Tex. Crim. App. 1980) (orig. proceeding) .................... 12

*Haley v. Lewis*
604 S.W.2d 194 (Tex. Crim. App. 1980) (orig. proceeding) .................... 11

*In re A.J.F.*
313 S.W.3d 475 (Tex. App.—
Dallas 2010, no pet.) ........................................................................................ 11

*Lindley v. Flores*
672 S.W.2d 612 (Tex. App.—
Corpus Christi 1984, no writ) ......................................................................... 11

*State ex rel. Holmes v. Denson*
671 S.W.2d 896 (Tex. Crim. App. 1984) ........................................................9

*State v. Guerrero*
400 S.W.3d 576 (Tex. Crim. App. 2013) ...................................................... 13

*State v. Johnson*
821 S.W.2d 609 (Tex. Crim. App. 1991) ........................................................9

*State v. Rosenbaum*
  910 S.W.2d 934 (Tex. Crim. App. 1994) ................................................................4

*Studer v. State*
  799 S.W.2d 263 (Tex. Crim. App. 1990) ................................................................5


## Statutes

TEX. CODE CRIM. PROC. art. 27.08 ........................................................................8

TEX. CODE CRIM. PROC. art. 28.05 ........................................................................9

TEX. CODE CRIM. PROC. art. 28.08 ........................................................................9

TEX. CODE CRIM. PROC. art. 28.09 ........................................................................9

TEX. CODE CRIM. PROC. art. 36.11 ........................................................................7


## Rules

TEX. R. APP. P. 22. 1 .............................................................................................. 14

TEX. R. APP. P. 22.2 ............................................................................................... 14

TEX. R. APP. P. 22.3 ............................................................................................... 14

TEX. R. APP. P. 39.1 ................................................................................................. i

## Statement of the Case

The appellant was indicted for the state-jail-felony offense of tampering with a governmental record. (CR 11). The appellant pleaded not guilty. (2 RR 5). A jury found him guilty as charged. (CR 822, 824). The trial court sentenced the appellant to two years' confinement in the state jail, but suspended the sentence and ordered that the appellant serve five years' community supervision. (CR 824). The trial court certified the appellant's right of appeal, and the appellant filed a timely notice of appeal. (CR 833, 834).

This Court affirmed the appellant's conviction in an unpublished opinion. *See Baumgart v. State*, 01-14-00320-CR, 2015 WL 5634246 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no. pet. h.) (mem. op. not designated for publication). The appellant filed a motion for rehearing, which this Court overruled on November 10, 2015. The appellant filed a motion for *en banc* reconsideration on November 24, 2015, and that motion is still pending.

On December 9, 2015, the appellant filed a "Motion to Vacate Void Judgment." On December 17, 2015, this Court requested that the State respond to the appellant's motion.

## Summary of the Argument

The State urges this Court to quickly deny the appellant's motion without a written opinion. The appellant's claim fails on the merits because the trial court never dismissed the case or quashed the indictment, thus it never lost jurisdiction over the case. At one point the trial court seemed to believe that it did not have jurisdiction in the case, but, rather than issuing an order that would effectuated that belief, it reset the case for further consideration of the matter. Eventually the trial court came to the correct conclusion that it had jurisdiction. At no point in time did the trial court make any order that divested it of jurisdiction.

Procedurally, the appellant's motion is inappropriate. This Court ought not allow litigants to raise new claims at this stage of the proceedings. The appellant's remedy, if any, for a claim not raised in his appellate brief is through a post-conviction writ of habeas corpus.

**Response to the Appellant's Motion**

**The appellant's motion fails on the merits and is procedurally inappropriate. This Court should quickly deny it without opinion.**

I.   **Background**

A. **The appellant claimed that the trial court did not have jurisdiction to hear this case because the State could not prove the elements of the offense.**

Prior to trial, the appellant filed a prodigious number of motions. (*See* CR 2-9). Two pre-trial filings are relevant here: a "Request for Declaratory Judgment" (CR 679-80) and a "Brief on Motion to Dismiss."[1] (CR 706-11). In both of these filings the appellant argued that the traffic citation that the State charged the appellant with falsifying was not a governmental record, as alleged in the indictment. In the "Request for Declaratory Judgment," the appellant asserted that, because the citation was not a governmental record, "the facts in the Indictment do not constitute a criminal offense and the Court's jurisdiction was not invoked." (CR 679). In the "Brief on Motion to Dismiss," the appellant went further and asserted that because the trial court did not have

---

[1] The record does not contain any independent "Motion to Dismiss," however the "Brief on Motion to Dismiss" concludes by requesting dismissal. (*See* CR 711).

jurisdiction it should "dismiss the case and discharge the defendant." (CR 711).

### B. The trial court initially agreed with the appellant that it did not have jurisdiction, but it later changed its mind.

On October 1, 2013, after a jury was selected but before the jury was sworn, the trial court held a hearing on these motions. (*See* Supp. RR; CR 858-60).[2] At this hearing, the parties reference witnesses from the prior day, but the record of that testimony is not part of the appellate record. (*See* Supp. RR 9; CR 858 (docket sheet noting hearing outside jurors' presence on September 30)). At the end of the hearing, the trial court noted that it had "no authority to dismiss a case," but, it found "that the Court is without jurisdiction because this is not a governmental record…." (Supp. RR 13).[3] The trial court described this as

---

[2] The record does not state explicitly whether the October 2013 jury was sworn. However, when the case went to trial in March 2014 there is a notation in the docket sheet explicitly noting that that jury was sworn, and that it was done the day after the jury was selected. (CR 860). Thus, the State believes that the absence of a notation indicating that the October 2013 jury was sworn is a strong indication that it was not.

[3] Without belaboring the point, the State notes in passing that the trial court's conclusion was wrong. The State's ability to prove an allegation in a facially valid indictment has no effect whatsoever on the trial court's jurisdiction and cannot be litigated through a pre-trial motion. *State v. Rosenbaum*, 910 S.W.2d 934, 947-48 (Tex. Crim. App. 1994) (dissenting op, adopted by majority on rehearing) (in perjury case, defendant could not litigate materiality of false statement prior to trial,

its "oral findings and conclusions of law" and promised to file written findings and conclusions the next week. (Supp. RR 13). The trial court stated that it "[did not] know exactly where that leaves us [other] than I don't think this Court has jurisdiction to go forward." (Supp. RR 13). It then released the unsworn jury. (Supp. RR 13).

On October 9, the State filed a "Motion to Reconsider Ruling on Defendant's Motion for Declaratory Judgement, Directed Verdict, and Dismissal." (CR 728-33). In this motion, the State argued that whether the traffic citation was a governmental record was an evidentiary matter for trial, not something to be deiced on pre-trial motion. The trial court granted this motion on November 27. (CR 733). The case proceeded to trial a few months later.

## II.  Addressing the Appellant's Motion on the Merits

### A. The appellant's motions requested remedies that the trial court did not and could not grant.

If the trial court was confused in this case — and it was — that is because the appellant's motions were confusing. Understanding the

---

because the matter did not affect jurisdiction); *see generally Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990).

5

errors in the appellant's motions will help explain why his present motion fails on the merits.

In the first motion discussed at the hearing, the appellant requested a "declaratory judgment," (CR 679) but there is no such thing in the criminal law of Texas. The same motion, in a single paragraph, requested both a "directed verdict" and a "dismissal," but those are two entirely different things. A directed verdict can only be had *after* trial has started and the State has had an opportunity to present its case. The same paragraph requested a dismissal "because the facts in the Indictment do not constitute a criminal offense and the Court's jurisdiction was not invoked." But if the trial court had no jurisdiction, how could it issue a directed verdict?

In the second relevant motion, the "Brief on Motion to Dismiss," there are several pages of argument that the traffic citation was not a governmental record, which conclude by asserting that "the charge against [the appellant] is improper, no criminal offense occurred, and the jurisdiction of this Court was never invoked." (CR 710). The motion then has a four-paragraph section stating what relief the appellant was requesting. The first paragraph requested the trial court to declare that the traffic citation was not a governmental record and "to dismiss the

case and discharge the defendant." The second paragraph asked the trial court "to affirm that the alleged record which forms the basis of the charge in this case is not a governmental record subject to Chapter 37 of the Texas Penal Code...." The third paragraph did not request anything of the trial court, but merely quoted Code of Criminal Procedure Article 36.11; however, the appellant's motion did not quote the portion of Article 36.11 that makes it apparent that the article only applies "during a trial." *See* Tex. Code Crim. Proc. art. 36.11. Finally, in the fourth paragraph the appellant requested that "this case is dismissed and that [the appellant] be discharged."

In its ruling on these motions, the only requested "relief" that the trial court granted was to state its belief that the traffic citation was not a governmental record. As proof that the case was not dismissed, the State notes that the parties agreed to a future court date. (CR 858).[4] Moreover, there is no indication that the appellant was discharged from his bond.

---

[4] Three days after the trial court declared it had no jurisdiction, but prior to the next court setting, the appellant filed a motion requesting that the case be dismissed due to prosecutorial misconduct. (CR 724-26). Thus it appears that the appellant did not believe that the trial court had finally disposed of the case.

The trial court stated that it believed the fact that the citation was not a governmental record left it without jurisdiction to hear the case. The trial court also stated that it did not have the authority to dismiss the case. Though the appellant now insists that these conclusions are contradictory (*see* Motion[5] at 7 (citing civil case for proposition that once a court determines it has no jurisdiction it must dismiss the case)), they are not.

In a criminal case, the correct way to assert that an indictment does not properly invoke a trial court's jurisdiction, or that an indictment does not allege a criminal offense, is through a pre-trial exception to the substance of an indictment, commonly called a motion to quash. The Code of Criminal Procedure contains an exclusive list of exceptions to the substance of an indictment, two of which are that "it does not appear therefrom that an offense against the law was committed by the defendant," and that "[the indictment] shows upons its face that the court trying the case has no jurisdiction thereof." TEX. CODE CRIM. PROC. art. 27.08.

---

[5] Any citations to "Motion" are citation the "Motion to Vacate Void Judgment" to which the State was requested to respond.

When a trial court is faced with a meritorious exception to the substance of an indictment, the correct remedy is to quash the indictment. Quashing is significantly different from dismissing. When a trial court quashes an indictment, it may order the defendant kept in custody so that the prosecution may continue under a new or amended charging instrument. *See* TEX. CODE CRIM. PROC. arts. 28.05, 28.08. The State may amend the indictment to remedy whatever flaw caused the trial court to quash it, and then "the cause may proceed upon the amended indictment ...." TEX. CODE CRIM. PROC. art. 28.09.

In contrast, when a case is dismissed, nothing can revive it and the State must file another charging instrument in another cause number if it wishes to re-attempt the prosecution. *See State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 898-900 (Tex. Crim. App. 1984). When a case is dismissed — as opposed to when a charging instrument is quashed — there is no authority allowing the trial court to keep the defendant in custody on that charge. Unlike quashing a charging instrument, which occurs on motion of the defendant, dismissing a case almost always requires a request from the State. *See State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991).

In this case, the trial court declared, as a conclusion of law, that it did not have jurisdiction to hear this case. However, it did not have before it a motion to quash the indictment, and it had no authority to do so on its own. All it had was a motion to dismiss filed by the appellant.[6] Given that situation, the trial court sent home the unsworn jury and set the case for a future hearing where the matter might be resolved, perhaps through an amended indictment, perhaps through a motion from the State to dismiss, or a motion from the appellant to quash.

### B. The trial court did not issue an order, it merely stated its belief.

The appellant's entire "Motion to Vacate Void Judgment" is based on the premise that the trial court's statement that it did not have jurisdiction was a binding, final order. As noted above, the trial court neither dismissed the case nor quashed the indictment. There was no order, other than to reset the case for another hearing.

In his motion, the appellant characterizes the trial court's statement as "an order that purported to dispose of all issues which

---

[6] The appellant in this case filed three motions to quash the indictment — two of which were granted — and numerous documents in support of those motions, so it is apparent that the appellant understood the distinction between quashing the indictment and dismissing the case. (*See* CR 16-25, 74-77, 103-06, 171-81, 197-200, 323-26, 328-31, 337, 382-86).

10

made it a final judgment." (Motion at 7). That assertion must surely be incorrect; if the trial court's statement "dispose[d] of all issues," why did the trial court schedule another court date one week later? And why wasn't the appellant discharged from bond? The trial court's statement that it "[did not] know exactly where [the lack of jurisdiction] leaves us" prior to dismissing the unsworn jury should serve as adequate proof that the trial court did not believe it had "dispose[d] of all issues." (*See* Supp. RR 13).

The appellant relies on citations to *In re A.J.F.*, 313 S.W.3d 475, 478 (Tex. App.—Dallas 2010, no pet.) and *Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex. App.—Corpus Christi 1984, no writ). Both of those are civil cases. The holdings from those cases that the appellant seems to be referencing deal with written orders that purported to finally resolve issues. Those cases are of, at most, marginal relevance.

A more relevant citation would have been to *Haley v. Lewis*, 604 S.W.2d 194 (Tex. Crim. App. 1980) (orig. proceeding). In that case, Haley was indicted for theft, but, after some procedural wrangling, the trial court, based on a perceived violation of the now-defunct Speedy Trial Act (which granted trial courts authority to dismiss cases without a request from the State in certain circumstances), orally granted the

defendant's motion to dismiss and initialed a docket entry noting that the case had been dismissed. *Haley*, 604 S.W.2d at 196. However, it did not enter a written order of dismissal. A week after orally dismissing the case, the trial court, "on reconsideration," entered a written order that the motion to dismiss was denied. Haley then brought a mandamus action to force the trial court set aside that written order and to dismiss the case.

In holding that Haley was entitled to relief, the Court of Criminal Appeals noted its binding precedent of *Garcia v. Dial*, 596 S.W.2d 524 (Tex. Crim. App. 1980) (orig. proceeding), which held that once a trial court enters an order of dismissal, even if that order is erroneous, the case was dismissed and the trial court had no jurisdiction to reconsider that ruling. It then noted that, though the trial court's order in the case before it had been only an oral ruling, it was still a binding ruling. This was because the trial court had explicitly announced its decision to dismiss the case, it had initialed a docket entry indicating that the case was dismissed, and an entry of the order of dismissal had been made in "the minutes of the court." *Haley*, 604 S.W.2d at 196-97. In short, the trial court had made numerous explicit indications that the case was completely over.

12

Here, nothing of the sort happened. The trial court did not state that anything was dismissed or that anything was quashed. It concluded that it did not have jurisdiction, but it explicitly expressed confusion as to what that meant. And it set a court date for a week later, which is the opposite of indicating that the case was completely over. Nothing in the docket sheet indicates that the case had been dismissed or the indictment quashed; the docket merely notes that "COURT RULED AS REFLECTED IN COURT REPORTERS'S NOTES, THE COURT THANKED THE JURY THEN RELEASED THEM FROM FURTHER SERVICE RECESSED FOR THE DAY." (CR 858).

## III. Addressing the Procedural Inappropriateness of the Appellant's Motion

### A. This is an untimely motion in arrest of judgment that has been filed in the wrong court.

If this Court is unfamiliar with handling a "Motion to Vacate Void Judgment," that is probably because "there is no such thing in Texas criminal law." *See State v. Guerrero*, 400 S.W.3d 576, 584 (Tex. Crim. App. 2013). In *Guerrero*, the Court of Criminal Appeals noted that the closest thing to a "motion to vacate judgment" was a motion in arrest of judgment, which is a post-trial motion that must be filed with the trial

13

court within 30 days of sentencing.[7] *Ibid*; *see generally* TEX. R. APP. P. 22. 1, 22.3. The Rules of Appellate Procedure establish three grounds on which a motion in arrest of judgment can be based: 1) "that the indictment or information is subject to an exception on substantive grounds"; 2) "that in relation to the indictment or information a verdict is substantively defective"; or 3) "that the judgment is invalid for some other reason." TEX. R. APP. P. 22.2.

A motion in arrest of judgment can be contrasted with a motion for new trial. A motion for new trial asserts that a legal error occurred at trial, and that error can be remedied by a new, lawful trial. A motion in arrest of judgment asserts that there is something wrong with the judgment, and that whatever is wrong with the judgment either can be fixed without a new trial, or is the result of something so fundamentally wrong that no lawful trial can be had. Traditionally, a motion in arrest of judgment has been thought of as a post-trial motion to quash. *See Crittendon v. State*, 923 S.W.2d 632, 634-35 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (holding that defendant could not obtain relief on

---

[7] In *Guerrero*, the Court of Criminal Appeals stated that, though a "motion to vacate judgment" was not a legitimate motion, it would treat the defendant's motion as an Article 11.072 application for writ of habeas corpus because the parties and the trial court had done so. For the record, the State does not agree to treat the appellant's motion as any sort of legitimate appellate filing.

14

motion in arrest of judgment because he had not preserved his complaints regarding the charging instrument by filing pre-trial motion to quash).

The appellant's motion is not authorized by the Rules of Appellate Procedure or any other law with which the State is familiar. Had he timely filed this motion in the trial court, he could have complained about the trial court's denial of the motion in a point in his appellate brief. As it is, the appellant is effectively using a motion — filed after this Court has already issued an opinion denying his appeal — to raise a free-standing appellate claim. If this Court were to issue an opinion on this motion, even an opinion denying the motion, it would encourage other litigants to raise appellate claims through motions filed at untimely stages of the appeal. That would be highly disruptive to the orderly and lawful handling of appeals.

To make his motion seem legitimate, the appellant characterizes it as a "collateral attack" on the judgment. It is no such thing; it is an untimely motion filed in the wrong court. A claim of error on direct appeal — whether raised appropriately in an appellate brief, or raised inappropriately in an untimely motion — is a direct attack on the judgment below. "A collateral attack is an attempt to avoid the binding

15

force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). In the criminal law, collateral attacks are typically made via post-conviction applications for writs of habeas corpus. *See, e.g., Ex parte Clinnard*, 169 S.W.2d 181, 183 (Tex. Crim. App. 1943); *see also Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001) (disallowing former "habeas corpus exception" that allowed probationers facing revocation to raise any claims regarding original finding of guilt that could have been raised in habeas corpus proceeding, because allowing claims properly raised on habeas to be raised in other manners threatened orderly administration of justice).

### B. If this Court chooses to view the appellant's motion as some sort of motion for rehearing or amendment to his motion for *en banc* reconsideration, the motion would still be inappropriate.

Though the State believes it would be wrong to do so, the State supposes this Court could view the appellant's motion as some sort of amendment to his already overruled motion for rehearing, or his pending motion for *en banc* reconsideration. Even if this Court were to

view this motion as such, it should still deny the motion without opinion because it would be inappropriate to allow the appellant to raise a wholly new claim at this stage of the proceedings.

The most on-point case is *Adams v. State*, 843 S.W.2d 174 (Tex. App.—Dallas 1992, no pet.). There — as in this case — the defendant obtained a different lawyer sometime after the appellate court affirmed his conviction but before a motion for rehearing was due. *Adams*, 843 S.W.2d at 175. The new lawyer filed a motion for rehearing that raised points that had not been raised on original submission. *Ibid*. The Fifth Court refused to consider the new points raised in the motion for rehearing:

> The purpose of a motion for rehearing is to present errors of law which have been committed by the court. [The new lawyer's] motion for rehearing asks us to review points of error that appellant's court-appointed counsel did not find meritorious. Presentation of points of error in a piecemeal fashion is inimical to the interests of orderly appellate procedure and judicial economy.

*Id*. at 175-76 (citations omitted).

The State wholeheartedly agrees with that assessment. The appellant's motion does not assert any way in which this Court erred. It is, therefore, inappropriate as a motion for rehearing or a motion for *en banc* reconsideration.

## Conclusion

The appellant's motion is incorrect and inappropriate. This Court should rapidly dismiss it without an opinion so as not to encourage similar filings in other cases.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713 274 5826
Texas Bar No. 24071454

## Certificate of Service

I certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Michael D. Gillespie
226sheldon@gmail.com

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
713 274 5826
Texas Bar No. 24071454

Date: December 21, 2015