

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00581-CR

**EX PARTE** Rodrigo **GALLEGOS ARMENDARIZ**

From the County Court, Kinney County, Texas
Trial Court No. 12258CR
Honorable Susan D. Reed, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
            Adrian A. Spears II, Justice
            Velia J. Meza, Justice

Delivered and Filed: December 3, 2025

DISMISSED FOR WANT OF JURISDICTION

Appellant, Rodrigo Gallegos Armendariz, filed an application for writ of habeas corpus. The trial court initially granted relief and dismissed the information charging him with criminal trespass. A few days later, the trial court purportedly reconsidered its decision and denied habeas relief. Gallegos Armendariz attempts to appeal from the order denying relief. We hold that Gallegos Armendariz is attempting an appeal from a void order, and consequently we dismiss this appeal for want of jurisdiction.

**BACKGROUND**

Gallegos Armendariz was charged by information with misdemeanor criminal trespass. On June 21, 2024, he filed an application for writ of habeas corpus seeking discharge and dismissal based upon an alleged equal protection violation. The trial court granted the application and ordered the merits of Gallegos Armendariz's claim be heard by submission of evidence. The State filed a response with exhibits. On August 18, 2024, the trial court granted Gallegos Armendariz's request for relief and dismissed the case.[1]

Following the trial court's dismissal of the case, on August 20, 2024, the State filed a "Motion to Reconsider and Vacate Order Dismissing Case." The trial court denied the motion the same day. The State filed a "Second Motion for Reconsideration and Request for Evidentiary Hearing" on August 23, 2024. On August 29, 2024, the trial court issued the following order:

> ON THIS DAY the Court considered the State's Motion for Reconsideration, and Request for Evidentiary Hearing, regarding the Court's Order dated August 18, 2020 [sic] granting the writ and dismissing the State's case for the State's failure to submit evidence in accordance with an order dated June 28, 2024, which directs the State to tender its evidence within twenty days from the date of the Order or by July 15, 2024. After considering the motion and the evidence and arguments presented by the defendant and the state, the Court finds that the motion is well taken and should be GRANTED.

On the same day, the trial court issued an order stating that Gallegos Armendariz's "request for [habeas] relief is denied." Gallegos Armendariz filed his notice of appeal "from the appealable order of the trial court dated August 29, 2024, in which that Court denied relief on Mr. Gallegos Armendariz [sic] Verified Application for Pretrial Writ of Habeas Corpus."

---

[1] The trial court clerk filed Gallegos Armendariz's habeas application as a document in the same cause number as the underlying criminal proceeding, even though "a habeas proceeding is a separate proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023); *see Ex parte Carter*, 849 S.W.2d 410, 411 n.2 (Tex. App.—San Antonio 1993, pet. ref'd). Gallegos Armendariz's habeas application should have been "docketed separately from the substantive cause and given a different cause number." *Carter*, 849 S.W.2d at 411 n.2. Nevertheless, it is clear from the trial court's order that it granted his request for habeas relief in the habeas proceeding, and, in doing so, the trial court effectively dismissed the criminal charge in the underlying criminal case.

On September 9, 2025, we ordered Gallegos Armendariz to show cause why this appeal should not be dismissed for lack of jurisdiction because it appears he is attempting to appeal from a void order. Gallegos Armendariz responded that the appeal should be dismissed for that reason. The State then filed a response, asserting the trial court's order denying habeas relief was not void and that we should retain this appeal.

## JURISDICTION

"The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State,* 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008)). We have jurisdiction to review our jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). "Further, an appellate court may address the propriety of a lower court's exercise of jurisdiction." *State v. Rodriguez-Gomez*, 716 S.W.3d 702, 709 (Tex. App.—San Antonio 2024, no pet.). "Although appellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments, they do have jurisdiction 'to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.'" *In re Paxton*, 715 S.W.3d 398, 403 (Tex. App.—Dallas 2017, no pet.) (quoting *Freedom Commc'ns., Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012)).

## DISCUSSION

We start with the trial court's jurisdiction and authority to initially decide the matter of habeas relief. We hold the trial court had such jurisdiction and authority. We then consider whether it retained or regained jurisdiction to reconsider the matter after dismissal. We hold it did not. Thus,

the trial court's orders after dismissal were beyond its jurisdiction and are void. Consequently, we lack jurisdiction to review those orders on their merits and must dismiss this appeal.

**A. Jurisdiction and Authority of the Trial Court to Dismiss the Information**

Texas county courts have "jurisdiction as provided by law." TEX. CONST. art. V, sec. 16. County courts have "original [subject matter] jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." TEX. CODE CRIM. PRO. ANN. art. 4.07. *See* TEX. GOV'T CODE ANN. §§ 25.0003, 26.045 (outlining jurisdiction for statutory and constitutional county courts). "Prosecutions may be commenced in said court by information filed by the county attorney, or by affidavit, as may be provided by law." TEX. CONST. art. V, sec. 17.

> The presentment of a valid indictment [or information] vests the [trial] court with jurisdiction of the cause. A trial court's jurisdiction over a criminal case consists of the power of the court over the "subject matter" of the case, coupled with "personal" jurisdiction over the accused. Unlike in civil cases, where personal jurisdiction over a party may be had merely by that party's appearance before the court, criminal jurisdiction over a person requires the filing of a valid indictment or information.

*Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, sec. 12(b); *Garcia v. Dial*, 596 S.W.2d 519 (Tex. Crim. App. 1980); *State v. Dunbar*, 297 S.W.3d 777 (Tex. Crim. App. 2009); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996)). Here, the State filed an information with the county court on February 24, 2022, which vested the trial court with subject matter jurisdiction and personal jurisdiction over Gallegos Armendariz.

A county court with personal and subject matter jurisdiction has the authority to issue a writ and dismiss a case pending against a defendant. TEX. CODE CRIM. PRO. ANN. art. 11.05, 11.09, 11.44. Gallegos Armendariz filed a pretrial writ of habeas corpus, alleging the State violated his right to equal protection under the law by selectively prosecuting men and not similarly situated women for the misdemeanor offense of criminal trespass. While not all claims can be raised in a

pretrial writ of habeas corpus, "a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release." *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). "A claim of selective prosecution or enforcement asks a court to 'exercise its judicial power' by dismissing criminal charges prior to the onset of trial." *Ex parte Aparicio*, 707 S.W.3d 189, 203 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Tex.*, 145 S. Ct. 2852 (2025). The Court of Criminal Appeals has found claims such as Gallegos Armendariz's to be cognizable in a pretrial writ of habeas corpus. *Id*. Thus, the trial court had the authority to consider Gallegos Armendariz's pretrial petition for writ of habeas corpus. *Id.*

While trial courts generally do not have authority to dismiss an information in a criminal case, they do have such authority when dismissal is the appropriate means to address a constitutional violation. *Rodriguez-Gomez*, 716 S.W.32d at 713. Here, acting within its jurisdiction and authority, the trial court dismissed the information against Gallegos Armendariz through its August 18, 2024 order granting habeas relief on his equal protection claim.[2] *See Aparicio*, 707 S.W.3d at 203; *Rodriguez-Gomez*, 716 S.W.32d at 713; *see also State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (explaining that even if trial court dismissed indictments "without statutory authority," the only manner in which the trial court might reobtain jurisdiction would be the return of new grand jury indictments).

**B. Jurisdiction of the Trial Court After Dismissal of the Information**

Once a court with competent jurisdiction exercises its authority to dismiss a criminal information, the defendant is "discharged" from the misdemeanor, and the case against that person is effectively complete. *See Turner v. State*, 21 Tex. App. 198, 199–200 (1886) ("In this case the

---

[2] The State has not appealed from the August 18, 2024 order, and so, we do not decide whether dismissal was warranted on the merits.

defendant should have been discharged when the information was quashed."); *see also Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009) ("[S]ubject-matter jurisdiction requires both a general grant of authority to the trial court and a charging instrument that invokes that jurisdiction over the particular case."); *State v. Cabello*, No. 04-96-00748-CR, 1997 WL 184729, at \*1 (Tex. App.—San Antonio Apr. 16, 1997, no pet.) (not designated for publication) ("a court's quashing, or vacating, a complaint in a misdemeanor case, as in the instant case, essentially results in a dismissal or termination of the proceedings."); *Wilson v. State*, 792 S.W.2d 477, 481 (Tex. App.—Dallas 1990, no writ) ("When a trial court empowered with jurisdiction over a criminal case sustains a motion to dismiss the indictment or information, the accused is discharged and there is no case pending against him; accordingly, no jurisdiction remains in the dismissing court."). Thus, once the information was dismissed, the trial court lost jurisdiction over Gallegos Armendariz.

Binding authority holds that a trial court may not reobtain jurisdiction through the reconsideration of a dismissal order, as the trial court attempted here. The Texas Court of Criminal Appeals has held that once a trial court dismisses an indictment against a defendant, it no longer maintains personal jurisdiction over the defendant and, therefore, cannot reinstate the indictment upon a motion from the State. *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980). In *Garcia*, the trial court dismissed the indictment pending against the defendant based on a faulty interpretation of the Speedy Trial Act. *Id.* at 526. The State then filed a motion to reconsider the ruling and to reinstate the indictment, which the trial court granted. *Id.* The Court of Criminal Appeals held that "after [the trial court] dismissed the indictment against petitioner, the jurisdiction of the [trial] court . . . was exhausted and the order entered thereafter purporting to reinstate that cause was void and of no effect." *Id.* at 528. Furthermore, the fact that the trial court's exercise of its jurisdiction and authority "was based upon an erroneous interpretation of the applicable law in

no way affected the validity of [its] order of dismissal." *Id*. Had the defendant in the case been "tried upon the reinstated indictment, the entire proceeding would be null and void because the indictment [was] a nullity and the trial court without jurisdiction." *Id*.; *see Haley v. Lewis*, 604 S.W.2d 194 (Tex. Crim. App. 1980) (holding trial court was unable to reconsider its decision to dismiss an indictment).

In its response to this court's order to show cause why this appeal should not be dismissed, the State questions the continued validity of *Garcia* and attempts to distinguish it. It argues *Garcia* has been superseded by constitutional and statutory amendment:

> In light of the voter mandated amendments to Article V, § 26 of the Texas Constitution and Article 44.01, C.Cr.P., *Garcia* and *Haley* should not be considered to be good law. While those 1987 changes provided what is always referred to as "the State's right to appeal," what they actually provided the State was the right to challenge rulings by the trial courts.

While the amendment allowed the State to invoke appellate jurisdiction and appeal a criminal case, to the extent the State suggests that a new right implies any broadening of trial court jurisdiction, it has provided no authority on this point. The plain language of the constitutional and statutory amendments only broadens appellate jurisdiction. *See Cockrell v. State*, 721 S.W.3d 448, 455 (Tex. Crim. App. 2025) ("When construing statutes, we begin with the language of the statute itself. Generally, when the plain language is clear and unambiguous, our analysis ends.") (citations omitted); *Gallagher v. State*, 690 S.W.2d 587, 592 (Tex. Crim. App. 1985) ("[W]hen the significance of a phrase or clause [in the Texas Constitution] is plainly discoverable from the words thereof, there is no reason to resort to rules of construction and effect should be given to the meaning thus ascertained."). The constitution, as amended, provides: "The State is entitled *to appeal* in criminal cases, as authorized by general law." TEX. CONST. art. V, § 26 (emphasis added). Article 44.01, as amended, provides: "The state is entitled *to appeal* an order of a court in a

criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint . . . ." TEX. CODE CRIM. PRO. ANN. art. 44.01(a)(1) (emphasis added).[3] Because the 1987 constitutional and statutory amendments address only appellate jurisdiction and do not supersede the Court of Criminal Appeals' holding in *Garcia*, which concerned trial court jurisdiction, we remain bound by that holding. *See Mason v. State*, 416 S.W.3d 720, 728 n.10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis.").

The State also attempts to distinguish the facts in *Garcia* from the instant case by focusing on the length of time between the dismissal orders and the attempt to reinstate charging instrument. It contends that here, because the trial court acted to reconsider its dismissal of the information within thirty days it retained plenary power to do so, unlike the trial court in *Garcia*, which attempted to reconsider dismissal fifty-nine days after dismissal of an indictment and beyond its plenary power. *Garcia*, 596 S.W.2d at 526. However, nothing in *Garcia* suggests that the decision turned on timing or "plenary power." The State directs us to Justice Keasler's concurrence in *Ex parte Donaldson*, noting that the Court of Criminal Appeals has "recognized that trial courts do have 'plenary power' to alter their orders." 86 S.W.3d 231, 233–34 (Tex. Crim. App. 2002) (Keasler, J., concurring); *cf. State v. Hernandez*, No. 04-25-00495-CR, 2025 WL 2715977, at *1 (Tex. App.—San Antonio Sept. 24, 2025, no pet.) ("The general rule is that 'a trial court may reexamine its ruling on a motion to suppress at any time prior to or during trial.'" (quoting *Lackey*

---

[3] The Court of Criminal Appeals has interpreted Article 44.01 consistent with its plain language. *See State v. Moreno*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991) ("[W]hen our Legislature adopted Article 44.01 in 1987, it made clear its intent to afford the State the same *appellate* powers afforded the federal government under 18 U.S.C. § 3731. Consequently, we hold that the State has the power *to appeal* from any trial court order concerning an indictment or information (and the Court of Appeals has the jurisdiction to address the merits *of the appeal* from that order) whenever the order effectively terminates the prosecution in favor of the defendant." (emphasis added)).

*v. State*, 364 S.W.3d 837, 845 (Tex. Crim. App. 2012)). Problematically, as Justice Keaser also recognized: "Plenary power does not create jurisdiction where none exists under the law; instead, it is a phrase used to describe a court's full and absolute power over the subject matter and the parties in a case, which only exists as defined by statute or rule." *Id.* (citation omitted).[4]

Other than Article 44.01 of the Code of Criminal Procedure and the constitutional provision authorizing State appeals, the State has not directed us to any law which could arguably confer jurisdiction upon the trial court to reconsider the dismissal of the information. The State does not contend—and the record does not show—that the trial court reobtained jurisdiction over Gallegos Armendariz through the filing of a new information. *See Holmes*, 671 S.W.2d at 899 ("[T]he only manner in which respondent might re-obtain jurisdiction of these [dismissed] cases would be the return of grand jury indictments into respondent's court"); *Turner*, 21 Tex. App. at 200 ("Until the new information was filed there was no case in the court which he was bound or required to answer, and the filing of the new information was the institution of a new case against him."); *cf.* TEX. CODE CRIM. PRO. ANN. art. 28.04 (allowing subsequent prosecution after initial discharge). Nor does the State direct us to more limited pre-information or post-judgment jurisdictional grants. *Cf. In re Tex. Dep't of Crim. Just.*, 710 S.W.3d 731, 735–36 (Tex. Crim. App. 2025) ("Any jurisdiction a trial court obtains post-finality must be conferred by the Texas Constitution or by statute, and any provision bestowing post-finality jurisdiction defines the scope of that jurisdiction."); *Ex parte Seidel*, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001) (explaining trial court had jurisdiction to act

---

[4] The majority in *Donaldson* was equally definitive that "plenary power, a concept derived from the Texas Rules of Civil Procedure, does not extend a trial court's jurisdiction in a criminal matter. *See Ex parte Donaldson*, 86 S.W.3d 231, 233 (Tex. Crim. App. 2002) ("Rule of Civil Procedure 329[B](d) provides no basis for the trial court to issue this [Order Vacating Prior Order of Dismissal] because these rules do not apply in criminal cases. We cannot find any law which confers upon the trial court plenary power to issue this order." (citation omitted)); *see also Rubio v. State*, 638 S.W.3d 693, 703 (Tex. Crim. App. 2022) (noting distinctions between civil and criminal rules of procedure with respect to motions for new trial).

pre-indictment under the Speedy Trial Act). In short, the State's attempts to avoid *Garcia* are unavailing.

Thus, after the trial court granted Gallegos Armendariz's habeas petition and dismissed the case, it ceded its jurisdiction over the case and could not reconsider the matter. *See Garcia*, 596 S.W.2d 524; *Turner*, 21 Tex. App. at 199–200; *Rodriguez-Gomez*, 716 S.W.3d at 717. Consequently, the trial court's August 29, 2024 orders purporting to reconsider dismissal and to deny habeas relief are void. *See Garcia*, 596 S.W.2d at 528 ("[I]t is . . . axiomatic that where there is no jurisdiction, the power of the court to act is as absent as if it did not exist, and any order entered by a court having no jurisdiction is void." (citation omitted)).

## C. Appellate Court Jurisdiction Over Void Orders

When a void order or judgment is appealed, courts of appeals only have limited jurisdiction to determine that the order or judgment underlying the appeal is void and to make appropriate orders based on that determination. *In re A.F.*, 653 S.W.3d 730, 745 (Tex. App.—Fort Worth 2019); *accord Estate of Brazda*, 582 S.W.3d 717, 731 (Tex. App.—Houston [1st Dist.] 2019); *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 338 (Tex. App.—Dallas 2018). "While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void." *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). This course of action returns the parties to the positions they had occupied prior to the issuance of the void order or judgment. *See Rodriguez-Gomez*, 716 S.W.3d at 718 (declaring order void, thereby leaving intact prior dismissal order); *cf. Ex parte Lozoya*, 666 S.W.3d 618, 626–27 (Tex. Crim. App. 2023) (vacating trial court judgment issued without jurisdiction).

Having determined that the trial court's orders of August 29, 2024 purporting to reconsider habeas relief and deny relief are void, we **DECLARE** those orders void, leaving intact the trial court's August 18, 2024 order granting Gallegos Armendariz habeas relief and dismissing the underlying criminal case. Because this is an attempted appeal from a void order, no actual controversy exists as to its merits, and we must dismiss this appeal for want of jurisdiction. *Rodriguez-Gomez*, 716 S.W.3d at 718; *see Estate of Knies*, No. 05-18-00919-CV, 2018 WL 5603569, at *1 (Tex. App.—Dallas Oct. 30, 2018, no pet.) (mem. op.) ("When a party appeals a void order, we should declare the order void and dismiss the appeal for want of jurisdiction.")

## CONCLUSION

For the foregoing reasons, we declare the trial court's orders of August 29, 2024, void, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH