**Richard Carreon SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–98–01042–CR, 04–98–01043–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 6, 1999.

Mario A. Trevino, San Antonio, for Appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Richard Carreon Salazar appeals the trial court's revocation of his community supervision. In a sole point of error, he complains that the trial court erred in revoking his community supervision without giving his court-appointed counsel ten days to prepare for the revocation hearing. We affirm.

### I.

Salazar pled guilty to the charge of possession of a prohibited weapon. The trial court suspended his eight-year prison sentence, placing him on community supervision[1] for eight years instead. The following year, Salazar pled nolo contendre to the charge of delivery of under 28 grams of cocaine. The trial court suspended his ten-year prison sentence, placing him on community supervision for ten years instead.

Motions to revoke Salazar's community supervision as to both sentences were filed on September 4, 1998. On November 10, 1998, Salazar pled true to both motions. The trial court revoked his community supervision as to both sentences. The trial court sentenced him to a total of six (6) years confinement in the Institutional Division of the Texas Department of Criminal Justice, with the sentences to run concurrently.

### II.

Salazar argues that the trial court erred in revoking his community supervision without giving his court-appointed counsel ten days to prepare for the proceeding. He asserts that this error amounts to a violation of Article 1.051(e) of the Texas Code of Criminal Procedure. The State responds that the record does not affirmatively establish that Salazar had less than ten days actual preparation time prior to the revocation hearing.

Article 1.051(e) states in part, "An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court." TEX.CODE CRIM. PROC. ANN. art. 1.051(e) (Vernon Supp.1999). This ten-day requirement applies to the actual time of preparation, rather than the time from the formal appointment to the proceeding in question. See Ditto v. State, 898 S.W.2d 383, 386 (Tex.App.-San Antonio 1995, no pet.).

In the present case, Salazar claims that "[t]he record does not affirmatively show that Appellant's appointed attorney had ten days to prepare. Instead, [Salazar says,] the only indication on the record shows that counsel was appointed on the day of the hearing." Brief for Appellant at 4 (emphasis added). We disagree. The relevant notations in the respective Clerk's Records reveal only the following:

(In the record relating to Salazar's charge of delivery of cocaine:)

OCT 27 1998 Atty J. Norton—D.A. J.V. Gardner crt to appt atty—J. not hired on this case

NOV 10 1998 Atty M. Trevino—D.A. M. Fischer

(In the record relating to Salazar's charge of possession of a prohibited firearm:)

OCT 27 1998 [no entry]

NOV 10 1998 Atty M. Trevino—D.A. M. Fischer

The notations in Salazar's files, the copies of which are included in the respective Clerk's Records, do not indicate that counsel was appointed on the day of the hearing. The docket entries do not indicate when counsel was appointed. The entries indicate only that counsel appeared that

---

1. Although Salazar received a sentence of "adult probation" before the Texas Legislature substituted the term "community super-vision," we use the term "community supervision" for consistency throughout this opinion.

day on Salazar's behalf. We are unable to discern *any* evidence from the record before us that the trial court deprived Salazar's court-appointed counsel of the requisite ten-day minimum period of time to prepare for the revocation hearing. Counsel may have had more than ten days to prepare for the revocation hearing.

The new Texas Rules of Appellant Procedure do not clearly place a burden on the appellant to file a sufficient record that evidences error requiring reversal. Despite this change, at least one Texas court of appeals has reiterated the nature of the appellant's burden: "Secure a record [on] appeal that demonstrates error." *Birdwell v. State*, 996 S.W.2d 381, 382 n. 1 (Tex.App.-Houston [14th Dist.] no pet. h). We agree with *Birdwell*. *If* we had evidence *in the record* that shows the trial court committed error, we would be in a much better position to analyze Salazar's situation in his favor. *See Rojas v. State*, 943 S.W.2d 507, 510 (Tex.App.-Dallas 1997, no pet.) (noting that the record *"reflects* that the court appointed Rojas an attorney either on May 10 or May 11[2] and then revoked probation and imposed sentence on May 11"). In *Rojas*, although the record did not affirmatively show that counsel had ten days to prepare, counsel could not have had more than *one* day to prepare-a violation of Article 1.051(e). *See id.* at 510. Because Salazar's record is unclear as to how many days of preparation his court-appointed counsel had, Salazar's case is distinguishable from *Rojas*.

 In *Miranda v. State*, we explained that "[a]ssertions in an appellate brief or its attachments that are not supported by the record will not be accepted as fact." *Miranda v. State*, 813 S.W.2d 724, 738 (Tex.App.-San Antonio 1991, pet. ref'd) (citing *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex.Crim.App.1981) and *Herrin v. State*, 525 S.W.2d 27, 29 (Tex.Crim.App. 1975)). In short, we are bound by the

record that is before us. *See Burns v. State*, 761 S.W.2d 486, 487 (Tex.App.-Corpus Christi 1988, pet. ref'd). The record before us shows no error committed by the trial court. We cannot infer error. We can only conclude that the revocation proceedings at the trial court were in accordance with the statutory requirements. Salazar has failed to demonstrate that the trial court violated Article 1.051(e) of the Texas Code of Criminal Procedure.

The record does not reflect that the trial court held a revocation hearing without affording Salazar's court-appointed counsel the required ten days preparation.

### III.

We affirm the trial court's judgments revoking Salazar's community supervision.

---

**2.** Rojas's Affidavit of Indigency gives both dates as the date of counsel's appointment.

*See Rojas,* 943 S.W.2d at 508.