NO. 07-02-0396-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 25, 2002


______________________________



JOSE D. ARAUSA, JR.,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439,113; HON. JIM BOB DARNELL, PRESIDING


_______________________________



ORDER DIRECTING FILING OF REPORTER'S RECORD


__________________________________


Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant, Jose D. Arausa, Jr., appeals his conviction for aggravated sexual assault. 
Appellant received a sentence of life imprisonment in the Texas Department of Criminal
Justice, Institutional Division. Notice of appeal was timely filed in the trial court on
September 24, 2002. The clerk's record was subsequently filed on October 23, 2002, and
the reporter's record was due to be filed on October 23, 2002, and extended to November
22, 2002. On November 22, 2002, this Court received a request from Terri Ramsey asking
that we grant her an extension until December 22, 2002, to prepare the record. 

 Accordingly, we order Terri Ramsey, the official court reporter for the 140th District
Court of Lubbock County, to transcribe and file with the Clerk of this Court a reporter's
record as required by the Texas Rules of Appellate Procedure and encompassing the trial
had in cause number 2002-439,113. Said record shall include all argument, evidence, and
exhibits presented to the court during trial, as well as any pre-trial and post-trial hearings
conducted by the court in said cause. We further order Terri Ramsey to file the complete
reporter's record in a manner by which it will be received by the Clerk of this Court on or
before 5:00 p.m. on December 23, 2002. No further motions for extension of time will be
considered. Lastly, the failure to file the reporter's record by the date stated herein may
result in a hearing requiring Ms. Ramsey to show cause why she should not be held in
contempt, a complaint to the body governing certified court reporters, appropriate
sanctions, or abatement and remand to the trial court for appropriate action.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



/CENTER>


 As previously mentioned, appellant initially attacks the voluntariness of his open
guilty plea. The latter was purportedly involuntary because he received "erroneous advice
from trial counsel." The advice allegedly consisted of the representation that "he was
eligible for community supervision." (1) We overrule the issue.

 Nowhere does appellant explain how or why he was ineligible for probation. Nor
have we been able to uncover anything of record which would lead us to conclude that he
was not. Thus, we do not accept this argument as evincing that his plea was involuntary. 

 As to the suggestion appearing elsewhere in the appellant's brief that "trial counsel
misrepresent[ed] to [him] that his sentence would be suspended and he would be allowed
to be place[d] on community supervision," no evidence appears of record illustrating that
such a statement was actually made. And, appellant's statement to that effect in his brief
does not fill the void. See Salazar v. State, 5 S.W.3d 814, 816 (Tex. App.-San Antonio
1999, no pet.) (holding that statements in an appellate brief or its attachments that are not
supported by the record will not be accepted as fact). More importantly, the dialogue
between appellant and the trial court (which we described above) clearly reveals that
appellant was informed that he may not receive community supervision. Additionally, he
not only told the trial court that he understood that to be true but also personally reiterated
to the judge the range of punishment to which he was exposed, and that range included
imprisonment. Given these circumstances, we cannot say the evidence supports the
notion that his plea was involuntary. 

Issue Two - Ineffective Assistance


 In his second issue, appellant contends that his attorney rendered ineffective
assistance of counsel due to a conflict of interest. The conflict was evinced by counsel's
supposed statement that "she had a problem with individual[s] who use their vehicle[s] to
escape the police because [her] mother was killed by someone evading the police in his
motor vehicle." However, no evidence appears of record illustrating that the statement
attributed to counsel was actually made in any form or manner. And, again, appellant's
representations in his brief do not fill the void. Having no evidence before us evincing the
purported conflict of interest, we overrule this issue as well. 

 Accordingly, we affirm the judgment of the trial court. 

 

 Brian Quinn 

 Justice 


Do not publish. 
1. Appellant also contends that counsel was ineffective because she failed to apprise the trial court
of "several matters" which would have affected his punishment. However, what those matters were goes
unmentioned by appellant. Thus, he has waived the complaint.