NO. 07-03-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2003
_____

MICHAEL WAYNE PHILLIPS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85,814; HON. LEONARD GIBLIN, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Michael Wayne Phillips appeals his conviction for evading detention with a motor vehicle. His first issue concerns the voluntariness of his guilty plea while the second involves the effectiveness of his counsel. We affirm the judgment.

### Background

Appellant entered an open plea of guilty to the charge of evading detention through the use of a motor vehicle. The trial court admonished him about the range of punishment

and stated that because the parties had "not agreed as to what the proper punishment should be . . . if [the court] accept[s] your plea, it's going to be entirely up to the Court to decide the punishment." When asked if he understood that, appellant replied: "yes, sir." The trial court also informed him that his attorney recommended that the trial court "reduce this to possibly . . . county jail time or if [the court] do[es] not reduce it to county jail time, to also place you on probation . . . ." When asked if he understood that "those [were] mere recommendations, that [the court] can follow them if [it] want[s] to but [it does not] have to," appellant again answered: "yes, sir." Then, appellant was told by the court that the prosecution was recommending a 24-month sentence and that the trial court had the discretion to impose such a term of imprisonment. Appellant again replied: "yes, sir." Thereafter, inquiry was made into appellant's mental competence, and the trial court completed admonishing appellant per article 26.13 of the Texas Code of Criminal Procedure.

After accepting the plea and recessing until a pre-sentencing report could be prepared, the trial court then asked of appellant: "Michael, tell me: What's the two things that can happen to you when you come back on December 2nd?" Appellant said: "Well, your honor, I understand I can either have it counted as county jail time or probation or state jail time, up to two years." Finally, when asked by the trial court if he still wanted to "go forward with [his] plea," appellant again answered: "yes, sir . . . ."

### Issue One – Voluntariness of Plea

As previously mentioned, appellant initially attacks the voluntariness of his open guilty plea. The latter was purportedly involuntary because he received "erroneous advice

from trial counsel." The advice allegedly consisted of the representation that "he was eligible for community supervision."[1] We overrule the issue.

Nowhere does appellant explain how or why he was ineligible for probation. Nor have we been able to uncover anything of record which would lead us to conclude that he was not. Thus, we do not accept this argument as evincing that his plea was involuntary.

As to the suggestion appearing elsewhere in the appellant's brief that "trial counsel misrepresent[ed] to [him] that his sentence would be suspended and he would be allowed to be place[d] on community supervision," no evidence appears of record illustrating that such a statement was actually made. And, appellant's statement to that effect in his brief does not fill the void. *See Salazar v. State*, 5 S.W.3d 814, 816 (Tex. App.–San Antonio 1999, no pet.) (holding that statements in an appellate brief or its attachments that are not supported by the record will not be accepted as fact). More importantly, the dialogue between appellant and the trial court (which we described above) clearly reveals that appellant was informed that he may not receive community supervision. Additionally, he not only told the trial court that he understood that to be true but also personally reiterated to the judge the range of punishment to which he was exposed, and that range included imprisonment. Given these circumstances, we cannot say the evidence supports the notion that his plea was involuntary.

### Issue Two – Ineffective Assistance

---

[1]Appellant also contends that counsel was ineffective because she failed to apprise the trial court of "several matters" which would have affected his punishment. However, what those matters were goes unmentioned by appellant. Thus, he has waived the complaint.

In his second issue, appellant contends that his attorney rendered ineffective assistance of counsel due to a conflict of interest. The conflict was evinced by counsel's supposed statement that "she had a problem with individual[s] who use their vehicle[s] to escape the police because [her] mother was killed by someone evading the police in his motor vehicle." However, no evidence appears of record illustrating that the statement attributed to counsel was actually made in any form or manner. And, again, appellant's representations in his brief do not fill the void. Having no evidence before us evincing the purported conflict of interest, we overrule this issue as well.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.