**The STATE of Texas, Appellant,**

**v.**

**Rachel GUEVARA, Appellee.**

**No. 04-02-00568-CR.**

Court of Appeals of Texas,
San Antonio.

July 6, 2005.

Susan Guinn, City Atty's Office, Chief Prosecutor, Pamela C. Oglesby, Senior Prosecutor for City of San Antonio, Christopher J. Hebner, Prosecutor for City of San Antonio, San Antonio, Matthew W. Paul, Austin, for appellant.

Philip Benson, Shaw & Benson, San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## MEMORANDUM OPINION

Opinion by SARAH B. DUNCAN, Justice.

The State of Texas appeals a county court at law judgment that reverses the San Antonio Municipal Court's judgment convicting Rachel Guevara of violating a San Antonio city ordinance and renders judgment in Guevara's favor. Because we conclude the county court at law lacked jurisdiction over Guevara's appeal, we reverse its judgment and reinstate the judgment of the trial court.[1]

The conduct forming the basis of the State's complaint against Guevara occurred on July 17, 1998. On that date, an appeal from a San Antonio Municipal Court judgment was governed by former sections 30.00231 through 30.00242 of the Texas Government Code.[2] Although these provisions were repealed effective September 1, 1999,[3] the repealing legislation expressly provides that "[an] offense committed before the effective date of this Act is governed by the law in effect at the time the offense was committed." Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 140(a),

1. The State has not raised the issue of the county court at law's jurisdiction over Guevara's appeal. However, jurisdiction is a systemic requirement that cannot be waived or conferred by consent, and which may be considered at any time. *Mendez v. State,* 138 S.W.3d 334, 340 (Tex.Crim.App.2004) (citing *Marin v. State,* 851 S.W.2d 275, 279–80 (Tex. Crim.App.1993)); *see also Texas Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445–46 (Tex.1993) (holding it is appropriate for reviewing court to raise the issue of the lower court's subject matter jurisdiction sua sponte and address it for the first time on appeal).

2. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1843–1846, *renumbered by* Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.08, 1997 Tex. Gen. Laws 327, 389–90, *repealed by* Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 139(5), 1999 Tex. Gen. Laws 3263, 3290. The governing provisions are now codified as sections 30.00014 through 30.00027 of the Texas Government Code.

3. Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 139(5), 1999 Tex. Gen. Laws 3263, 3290.

(d), 1999 Tex. Gen. Laws 3263, 3291–92. In short, because the offense in this case was committed before the effective date of the repealing legislation, Guevara's appeal is governed by Government Code sections 30.00231 through 30.00242.

Under former sections 30.00231 and 30.00232, a defendant desiring to perfect an appeal from a judgment of the San Antonio Municipal Court was required to: (1) file a motion for new trial not later than the tenth day after the date the judgment was rendered; (2) give a timely notice of appeal; and (3) if the defendant was not in custody, file an appeal bond, approved by the court, not later than the tenth day after the date on which the motion for new trial was overruled. Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 Tex. Gen. Laws 1720, 1843–1844, *renumbered by* Act May 8, 1997, 75th Leg., R.S., ch. 165, § 8.08, 1997 Tex. Gen. Laws 327, 389–90 (formerly Tex. Gov't Code Ann. §§ 30.00231, 30.00232) (repealed 1999). "If the defendant request[ed] a hearing on the motion for new trial," she could "give the notice of appeal orally in open court on the overruling of the motion for new trial." *Id.* (formerly Tex. Gov't Code Ann. § 30.00231(d)). "Otherwise, the defendant must give a written notice of appeal and must file the notice with the court not later than the 10th day after the date on which the motion for new trial [was] overruled." *Id.* This deadline for filing a written notice of appeal could be extended by the court for good cause for not more than ninety days. *Id.*[4]

Since the municipal court rendered its judgment in this case on June 15, 1999, Guevara's motion for new trial, filed on June 23, 1999, was timely. The record does not reflect either that Guevara requested a hearing on her motion for new trial or that one was held; however, the record does reflect—and the parties state in their briefs—Guevara's motion for new trial was denied on June 25, 1999.[5] Accordingly, Guevara's written notice of appeal and appeal bond were due not later than Monday, July 12, 1999. Neither was filed until July 23, 1999; and the record does not reflect that the July 12, 1999 deadline was extended.

Timely perfection of an appeal by filing a notice of appeal and appeal bond are required to invoke the county court at law's jurisdiction. *See Ford v. State,* 20 S.W.3d 777, 779 (Tex.App.-Amarillo 2000, no pet.); *State v. Morse,* 903 S.W.2d 100, 104–05 (Tex.App.-El Paso 1995, no pet.). Because Guevara's notice of appeal and bond were not timely filed, the county court at law did not acquire jurisdiction over Guevara's appeal. Therefore, we vacate the judgment of the County Court at Law No. 3 and reinstate the municipal court's judgment.

4. Although the statutes specifically governing appeals from the San Antonio Municipal Court have been repealed, the deadlines in the current statutes governing appeals from all municipal courts of record are the same. *See* Tex. Gov't Code Ann. §§ 30.00014, 30.00015 (Vernon 2004).

5. The trial court wrote "6/25/99 motion denied" at the bottom of the motion for new trial and initialed the notation.