

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-23-00157-CR

The **STATE** of Texas,
Appellant

v.

Jonathan Jose **RODRIGUEZ-GOMEZ**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2022CRB000729L1
Honorable Leticia Martinez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 14, 2024

DISMISSED FOR WANT OF JURISDICTION

The State appeals the trial court's order dismissing the information charging the appellee, Jonathan Jose Rodriguez-Gomez, with the misdemeanor offense of criminal trespass. For the reasons set out below, we dismiss this appeal for want of jurisdiction.

### BACKGROUND

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety ("DPS") to initiate Operation Lone Star ("OLS") and "devote additional law enforcement resources toward deterring illegal border crossing and protecting [] border communities." He

further directed "DPS to use available resources to enforce all applicable federal and state laws to prevent criminal activity along the border, including criminal trespassing, smuggling, and human trafficking, and to assist Texas counties in their efforts to address those criminal activities."

As part of OLS, Rodriguez-Gomez, a noncitizen, was arrested in Webb County and charged by information with the misdemeanor offense of criminal trespass. The case was filed in Webb County Court at Law Number 1 and assigned cause number 2022CRB000729L1. Rodriguez-Gomez then filed a pretrial application for writ of habeas corpus in district court, which was assigned cause number 2022CVJ001437D2.[1]

On January 10, 2023, the district court issued an order stating as follows:

> This Court conducted a hearing on JONATHAN RODRIGUEZ GOMEZ's Application for Writ of Habeas Corpus. Having considered the application and the evidence presented, this Court holds that Mr. Rodriguez Gomez is entitled to relief on his claim of sex discrimination. He is "discharge[d]" and the information charging him with trespass in his criminal case is dismissed with prejudice. Tex. Code Crim. Proc. art. 11.44. The underlying criminal cause number is 2022CRB000729L1 in Webb County.

On February 10, 2023, the county court held a hearing in cause number 2022CRB000729L1. At the hearing, Rodriguez-Gomez's counsel and the court clerk informed the trial judge that the district court had dismissed the county court case with prejudice on January 10, 2023. The county court asked the State if it had appealed the district court's order; the State responded that it did not know, but that regardless of whether the State had filed a notice of appeal, the county court still had to "take action on [the district court's] advisory, I guess, dismissal," because the district court had no jurisdiction to dismiss the case.

---

[1] The record does not contain a copy of Rodriguez-Gomez's habeas application. The record does, however, contain a copy of the district court's order granting habeas relief. In addition, the State asserts, in its appellate brief, that Rodriguez-Gomez filed a petition for writ of habeas corpus in the 49th District Court.

Rodriguez-Gomez filed a motion to dismiss later that same day, asking the county court to dismiss the case because the district court had granted his "equal protection writ based on a gender discrimination claim and ordered this case discharged and dismissed with prejudice." As support for his motion, Rodriguez-Gomez attached a copy of the district court's order to his motion.

On February 16, 2023, the county court issued the following order: "On this 16th day of February, having found sufficient cause, I GRANT Defendant's Motion to Dismiss. This case [is] dismissed with prejudice."

On February 24, 2023, the State filed a notice of appeal with the county court clerk, in cause number 2022CRB000729L1. In the notice, the State indicated that it "wishe[d] to appeal the trial court's order of February 10, 2023, granting the Defendant's writ/petition/motion for pretrial habeas corpus relief, as said order is an order dismissing a complaint and is appealable under Article 44.01(a)(1) of the Texas Code of Criminal Procedure."

### JURISDICTION

We must first determine whether we have jurisdiction over this appeal. *See Bell v. State*, 515 S.W.3d 900, 901 (Tex. Crim. App. 2017) (citing *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013), *cert. denied*, 571 U.S. 1141 (2014)); *Escarcega v. State*, 767 S.W.2d 806, 807 (Tex. Crim. App. 1989) (Teague, J., dissenting) ("It is axiomatic in our law that, before a court of appeals decides an appeal, it must first determine whether it has jurisdiction over that case."). Further, because it is not clear, from either the notice of appeal or the State's brief, whether the State is attempting to appeal from the district court's order in the habeas proceeding or the county court's order in the underlying criminal case,[2] we will consider whether we have jurisdiction over an appeal from either case.

---

[2] The State's notice of appeal indicates that the "State wishes to appeal the trial court's order of February 10, 2023, granting the Defendant's writ/petition/motion for pretrial habeas corpus relief, as said order is an order dismissing a

## APPEAL FROM DISTRICT COURT'S GRANT OF HABEAS RELIEF

"To invoke an appellate court's jurisdiction over an appeal, . . . the appellant must give timely and proper notice of appeal." *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). More specifically, when the State desires to appeal from a trial court order that dismisses an information in a criminal case, the State must file a notice of appeal not "later than the 20th day after the date on which the order . . . to be appealed is entered by the court." TEX. CODE CRIM. PROC. ANN. art. 44.01(d); *see* TEX. R. APP. P. 26.2(b) (requiring State to file notice of appeal "within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed"); *State v. Wachtendorf*, 475 S.W.3d 895, 899 (Tex. Crim. App. 2015). We have no power to consider and must dismiss any appeal in which our jurisdiction is not properly invoked. *See Woods*, 68 S.W.3d at 669; *White v. State*, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (quoting *Ex parte Caldwell*, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964)).

Here, the district court issued an order on January 10, 2023, in cause number 2022CVJ001437D2, stating "the information charging [Rodriguez-Gomez] with trespass in his criminal case is dismissed with prejudice. . . . The underlying criminal cause number is 2022CRB0007L1 in Webb County." The State's notice of appeal, which, again, was filed in cause

---

complaint and is appealable under Article 44.01(a)(1) of the Texas Code of Criminal Procedure." But neither the district court nor the county court issued an order on February 10, 2023; the district court issued its order in the habeas proceeding on January 10, 2023, and the county court issued its order on February 16, 2023. Further, the State filed its notice of appeal with the county court clerk under the county court cause number but indicates that it desires to appeal from the grant of habeas corpus relief—relief which was granted by the district court, not the county court.

Similarly, in its brief, the State argues that Rodriguez-Gomez's claims in the habeas proceeding were not cognizable in a pretrial habeas proceeding, that the district court lacked jurisdiction to grant habeas relief, and that the district court abused its discretion by granting habeas relief. But the State also argues that neither the district court nor the county court had authority to dismiss the criminal case and that the State was not required, under *Ex parte Seidel*, 39 S.W.3d 221 (Tex. Crim. App. 2001), to appeal from the district court's order to preserve error in the county court proceedings.

Thus, it is not clear from either the notice of appeal or the State's brief whether the State is attempting to appeal from the district court's order or from the county court's order.

number 2022CRB0007L1, was not filed, however, until February 24, 2023—forty-five days after the district court issued its order. As a result, the State's notice of appeal was not timely filed with regard to the district court's order granting habeas relief, even if we could allow for the notice of appeal filed in cause number 2022CRB007L1 to apply in cause number 2022CVJ00143D2.

Accordingly, to the extent the State attempts to appeal from the district court's order in the habeas proceeding, we conclude that the State failed to invoke our jurisdiction and we have no power to act other than to dismiss the appeal.[3] *See Woods*, 68 S.W.3d at 669; *White*, 61 S.W.3d at 428; *Olivo*, 918 S.W.2d at 523.

### APPEAL FROM COUNTY COURT'S ORDER OF DISMISSAL

"A court has jurisdiction to determine whether it has jurisdiction." *Olivo*, 918 S.W.2d at 523; *see Davis v. State*, 502 S.W.3d 803, 805 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("A court of appeals always has jurisdiction to determine its own jurisdiction."). Jurisdiction is a systemic requirement that must be addressed by the court, even if not raised by the parties. *See Bell*, 515 S.W.3d at 901; *State v. Guevara*, 172 S.W.3d 646, 647 n.1 (Tex. App.—San Antonio 2005, no pet.); *State v. Morse*, 903 S.W.2d 100, 102 (Tex. App.—El Paso 1995, no pet.); *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.—Dallas 1994, no pet.). Further, an appellate court may address the propriety of a lower court's exercise of jurisdiction. *See Ex parte Enriquez*, 227 S.W.3d 779, 781 (Tex. App.—El Paso 2005, pet. ref'd); *Guevara*, 172 S.W.3d at 647–48 & n.1 (vacating county court's judgment in appeal from municipal court because county court did not acquire jurisdiction); *Morse*, 903 S.W.2d at 102; *see also Ex parte Schmidt*, 109 S.W.3d 480, 482 (Tex.

---

[3] In his brief, Rodriguez-Gomez argues that if the State is attempting to appeal from the district court's order, we do "not have jurisdiction [over this appeal] because the State filed its notice of appeal in the wrong case." We do not reach this argument because the appeal was untimely even if the notice of appeal could apply to cause number 2022CVJ00143D2.

Crim. App. 2003) (holding that appellate court at least had jurisdiction over the issue of the trial court's jurisdiction).

Here, the county court issued an order on February 16, 2023, granting Rodriguez-Gomez's motion to dismiss and stating, "This case [is] dismissed with prejudice." The State had the right to appeal from this order, pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure, because the order dismissed the information, and its notice of appeal, filed on February 24, 2023, was timely because it was filed within twenty days of the order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1); TEX. R. APP. P. 26.2(b); *State v. Garcia*, 638 S.W.3d 679, 681–82, 684 (Tex. Crim. App. 2022) (citing *State v. Moreno*, 807 S.W.2d 327, 330 (Tex. Crim. App. 1991); quoting *Alvarez v. Eighth Court of Appeals of Tex.*, 977 S.W.2d 590, 593 (Tex. Crim. App. 1998)). As a result, the State properly invoked, at minimum, our jurisdiction to determine our jurisdiction and to determine the county court's jurisdiction. We will therefore determine whether the county court had jurisdiction to dismiss the information against Rodriguez-Gomez and whether we have jurisdiction to review the county court's order.

### A. Whether the County Court Had Jurisdiction to Dismiss the Information

The State charged Rodriguez-Gomez by information with the misdemeanor offense of criminal trespass on August 1, 2022. The State filed the information with the Webb County Clerk, who assigned the case to the County Court at Law Number 1 under cause number 2022CRB000729L1. The presentment of the information to the court invested the court with jurisdiction over the case. *See* TEX. CONST. art. V, § 12(b); *Ramirez v. State*, 105 S.W.3d 628, 629–30 (Tex. Crim. App. 2003); *State v. Lee*, 437 S.W.3d 910, 912 (Tex. App.—El Paso 2014, pet. ref'd).

Nevertheless, on January 10, 2023, the district court determined that Rodriguez-Gomez was entitled to habeas relief. The district court did not, however, merely discharge Rodriguez-

Gomez. Instead, the district court dismissed the information pending against Rodriguez-Gomez in cause number 2022CRB000729L1 with prejudice.

By dismissing the information pending in the county court with prejudice, the district court—if its order is valid—resolved the controversy between Rodriguez-Gomez and the State in the county court cause in Rodriguez-Gomez's favor,[4] thereby resolving the controversy that formed the basis of the county court proceedings; terminated the proceedings in the county court; and extinguished the county court's jurisdiction over the criminal case against Rodriguez-Gomez. *See State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) ("[T]he trial court's order granting the applications for writ of habeas corpus 'effectively terminated' the proceedings . . . ."; "For all purposes, the criminal action against appellees had been terminated and the State could appeal from the orders granting this relief to appellees."); *State v. Moreno*, 807 S.W.2d 327, 333 & n.7 (Tex. Crim. App. 1991) (holding that order that effectively dismissed the charges against the defendant effectively terminated the criminal proceedings); *Garrett v. State*, 749 S.W.2d 784, 803 (Tex. Crim. App. 1986) (stating that a court does not have power to decide a case in the absence of an actual controversy); *Haley v. Lewis*, 604 S.W.2d 194, 197 (Tex. Crim. App. 1980) ("The indictment was validly dismissed . . ., and the court lost jurisdiction of the case."); *Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. 1980) (holding that when a trial court dismisses an information "there is, concomitant to such dismissal, no case pending against the accused and, accordingly, no jurisdiction remaining in the dismissing court"); *Garber v. State*, 667 S.W.2d 611,

---

[4] Although the district court did not resolve the criminal cause on the merits of the criminal charge itself, the court nevertheless resolved the case in Rodriguez-Gomez's favor. *See In re Aiken Cnty.*, 725 F.3d 255, 264 n.7 (D.C. Cir. 2013) ("If the Executive selectively prosecutes someone based on impermissible considerations, the equal protection remedy is to dismiss the prosecution . . . .") (Kavanaugh, J.); *State v. Gomez*, No. 04-22-00872-CR, — S.W.3d —, 2023 WL 7552682, at *6 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed) (affirming trial court order granting habeas relief and dismissing criminal case with prejudice); *Ex parte Aparacio*, 672 S.W.3d 696, 708 (Tex. App.—San Antonio 2023, pet. granted) (quoting *United States v. Armstrong*, 517 U.S. 456, 463 (1996)) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").

613 (Tex. App.—El Paso 1984, no pet.) (holding that second district court had jurisdiction to dismiss indictment pending in first district court but had no authority to reinstate the indictment after dismissal); *see also Alvarez*, 977 S.W.2d at 593 (recognizing that a court other than the trial court may take an action that effectively terminates the criminal proceedings against a defendant).

Thus, if the district court had jurisdiction and authority to dismiss the charges against Rodriguez-Gomez, the county court lacked jurisdiction when it issued its order of dismissal on February 16, 2023.

### B. Whether the District Court Had Jurisdiction to Dismiss the County Court Case

"A void judgment is a nullity from the beginning, and it is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel*, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (quoting *Ex parte Spaulding*, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., concurring)). Therefore, if the district court's order was void, the State may attack the order "either by direct appeal or collateral attack," and "the State was not required to appeal from the district court's dismissal" in order to continue the prosecution against Rodriguez-Gomez in the county court. *Id*. (citing *Ex parte Shields*, 550 S.W.2d 670, 675 (Tex. Crim. App. 1976)).

In its brief, the State argues that the district court lacked jurisdiction or authority to dismiss charges pending in the county court. If the State is correct, then the district court's order may be void and the county court may have retained jurisdiction over the charges against Rodriguez-Gomez on February 16, 2023. We must therefore determine whether the district court's January 10, 2023 order was void.

1. **The District Court Had Jurisdiction Over a Habeas Proceeding Involving a Misdemeanor Case**

As of January 10, 2023—the date on which the district court granted habeas relief to Rodriguez-Gomez—a local district court had jurisdiction to consider an application for writ of habeas corpus in a misdemeanor case.[5] *See State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434–35 (Tex. Crim. App. 1987) (holding that district courts and county courts had concurrent jurisdiction over habeas proceedings in misdemeanor cases); *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978) (holding that both county and district courts have original jurisdiction in habeas proceedings in misdemeanor cases); *Ex parte Williams*, 786 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) ("Merely because the county court at law has jurisdiction of a case does not mean that only the county court can grant an applicant habeas relief. . . . This means that a district judge may hear a writ of habeas corpus and *grant relief* even though an indictment for the offense is pending in the county court." (citations omitted)). Thus, the district court had jurisdiction to consider a habeas application in a misdemeanor case.

Our conclusion is consistent with *In re Smith*, 665 S.W.3d 449 (Tex. Crim. App. 2022). In *Smith*, the Court of Criminal Appeals recognized that it had previously "held that a person confined on a misdemeanor" could file an application for writ of habeas corpus "with a district court." *Smith*, 665 S.W.3d at 457 (citing *Onion*, 741 S.W.2d at 434). The court then suggested, in a footnote, that it might be necessary for the district court to abstain from exercising its jurisdiction in favor of allowing the appropriate county court to decide the merits of an application for writ of habeas corpus in a misdemeanor case. *Id*. at 457 n.33. The court did not, however, hold that the abstention

---

[5] The legislature revised Chapter 11 of the Code of Criminal Procedure effective September 1, 2023. *See* Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, *amended by* Act of June 18, 2023, 88th Leg., R.S., ch. 933, 2023 Tex. Sess. Law Serv. Ch. 933. Because the trial court exercised jurisdiction prior to the amendments, we do not consider what effect, if any, the amendments have on a district court's jurisdiction to grant habeas relief in a misdemeanor case.

concerns it identified applied to the situation wherein a local district court was presiding over a habeas application in a misdemeanor case. *Id.* We are therefore bound to apply existing precedent, which holds that a district court may consider a habeas application filed in a misdemeanor case. *See, e.g.*, *Onion*, 741 S.W.2d at 434; *see also Williams*, 786 S.W.2d at 782; *Von Kolb v. Koehler*, 609 S.W.2d 654, 656 (Tex. App.—El Paso 1980, orig. proceeding) (holding that district court had a ministerial duty to consider and rule on application for writ of habeas corpus seeking relief from an information pending in a county court at law).

Moreover, even if the abstention concerns identified in *Smith* applied in this case, such concerns would affect whether the district court should refrain from exercising its jurisdiction, not whether the district court had jurisdiction in the first place. *See Smith*, 665 S.W.3d at 455–57. And any failure by the district court to abstain from deciding the merits of Rodriguez-Gomez's habeas application would neither deprive the district court of jurisdiction nor render its action of dismissing the information against Rodriguez-Gomez "illegal" nor render its judgment granting habeas relief void. *See Seidel*, 39 S.W.3d at 224–25 (explaining that "illegal acts" are not authorized by law, that "irregular acts" are acts that do not adhere to a prescribed rule or mode of proceeding, "that errors involving statutory procedure are merely voidable," not void, and that trial court actions that are illegal are void but actions that are irregular are merely voidable); *Onion*, 741 S.W.2d at 434–35 ("There is no grant of jurisdiction to the county courts which precludes a District Court from exercising its plenary power over issuance of writs of habeas corpus in misdemeanor actions."); *Flores v. State*, 487 S.W.2d 122, 125 (Tex. Crim. App. 1972) (holding that statute granting jurisdictional priority to one court over other courts with concurrent jurisdiction did not render proceedings in second court void and that challenge to jurisdiction of second court could be waived if not raised); *Ex parte Lohse*, 250 S.W.2d 215, 216–17 (Tex. Crim. App. 1952) (same); *see also Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008)

(holding that habeas applicant may seek relief from a different trial judge if one trial judge refuses to issue the writ, such that grant of relief by a different judge would not be "illegal"); *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex. Crim. App. 1978) (same).[6]

### 2. The District Court Had Jurisdiction and Authority to Dismiss the Case with Prejudice

Generally speaking, a trial court has neither inherent power nor any authority to dismiss a criminal case unless the prosecutor requests a dismissal. *See State v. Johnson*, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991); *State v. Frye*, 846 S.W.2d 443, 447 (Tex. App.—Houston [14th Dist.] 1992), *aff'd*, 897 S.W.2d 324 (Tex. Crim. App. 1995). A trial court does, however, have authority to dismiss a criminal indictment or information, including with prejudice, if such dismissal is "the appropriate means to neutralize the taint of [a] constitutional violation." *State v. Terrazas*, 962 S.W.2d 38, 41, 42 (Tex. Crim. App. 1998) (identifying situations in which dismissal of a charging instrument may be proper and stating that "there can be other constitutional grounds for dismissing a charging instrument"); *State v. Mungia*, 119 S.W.3d 814, 817 (Tex. Crim. App. 2003); *State v. Frye*, 897 S.W.2d 324, 330 (Tex. Crim. App. 1995) (holding that "dismissal of an indictment . . . may be necessary to adequately protect a defendant's Sixth Amendment right to counsel"); *Sanchez v. State*, 845 S.W.2d 273, 274, 276 (Tex. Crim. App. 1992) (remanding cause, on appeal from denial of pretrial application for writ of habeas corpus, "to the trial court with instructions to dismiss the information in the" underlying criminal case); *Ex parte Boetscher*, 812 S.W.2d 600, 604 (Tex. Crim. App. 1991) (dismissing indictment in case on review of pretrial habeas proceeding based on violation of right to equal protection).

---

[6] Because the abstention concerns would not render the district court's order subject to collateral attack as a void order and because we have already determined that the State failed to invoke our jurisdiction to review the district court's order in the habeas proceeding, we do not consider whether the concerns could apply in this case. *See Ex parte Shields*, 550 S.W.2d 670, 675 (Tex. Crim. App. 1976) (holding that a collateral attack is permissible only when an "error renders the proceedings absolutely void").

In its first two issues on appeal, the State argues that the district court was not authorized under Article 11.44 of the Code of Criminal Procedure to dismiss the information and that the district court lacked jurisdiction to dismiss the underlying charges because Rodriguez-Gomez's habeas claims are not cognizable in a pretrial habeas proceeding. As argued by Rodriguez-Gomez in his brief, however, the State has not provided us with a record of the proceedings in the district court.[7] *See* TEX. R. APP. P. 33.1; *London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016); *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). By failing to provide us with, at minimum, a copy of the habeas application and a copy of any hearing on the application, the State has failed to provide us with a sufficient record to determine whether the district court had authority to dismiss the information or whether Rodriguez-Gomez's claims were cognizable, because the record neither shows what or how many claims Rodriguez-Gomez asserted in his habeas application nor what evidence was provided to the trial court. Moreover, "we are required to presume the regularity of trial court proceedings," and "[t]he presumption of regularity … requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court." *Egger v. State*, 62 S.W.3d 221, 224 (Tex. App.—San Antonio 2001, no pet.). As a result, we cannot infer, as argued in the State's first issue, that the district court lacked authority to dismiss the information because, even if the district court lacked authority to dismiss the information under Article 11.44 of the Code of Criminal Procedure, the district court could have had authority to dismiss the information to

---

[7] It is clear from the appellate record that no party attempted to make any portion of the record of the proceedings in the district court, other than the copy of the district court's order granting habeas relief that Rodriguez-Gomez attached as an exhibit to the motion to dismiss he filed in the county court, part of the record of the proceedings in the county court. In fact, at the February 10, 2023 hearing, the county court judge specifically stated that the district court order was not in the record of the county court case and that the county court needed Rodriguez-Gomez to provide a copy of the district court's order so that it would be part of the county court's record. Further, the State has made no effort, despite the arguments in Rodriguez-Gomez's appellate brief related to the State's failure to provide a record of the district court proceedings, to supplement the appellate record.

remedy a constitutional violation. *See Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988) ("[I]t is well established that the mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case it will not be disturbed."); *Salazar v. State*, 5 S.W.3d 814, 816 (Tex. App.—San Antonio 1999, no pet.) (holding that appellate court is bound by appellate record and cannot infer error if record fails to show that trial court committed error); *see also Mungia*, 119 S.W.3d at 817; *Terrazas*, 962 S.W.2d at 41, 42; *In re Tex. Bd. of Pardons & Paroles*, 495 S.W.3d 554, 560 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) ("Although article 11.44 provides for certain remedies, it does not state that these are the only remedies that a court may grant in a habeas proceeding. In fact, on several occasions, the Court of Criminal Appeals has granted habeas relief against the Board other than that specified in article 11.44."). Similarly, we cannot infer, as argued in the State's second issue, that the district court lacked jurisdiction to dismiss the underlying charges because the record, which does not reflect whether Rodriguez-Gomez raised one or multiple potential grounds for relief in his habeas application or the exact nature of the ground or grounds raised, does not show that Rodriguez-Gomez failed to raise at least one cognizable ground for relief. *See Calloway*, 743 S.W.2d at 651–52; *Egger*, 62 S.W.3d at 224; *Salazar*, 5 S.W.3d at 816; *see also Terrazas*, 962 S.W.2d at 41, 42.

Moreover, the limited record in this appeal does include a copy of the district court's order, stating that Rodriguez-Gomez was "entitled to relief on his claim of sex discrimination," and a copy of Rodriguez-Gomez's motion to dismiss the county court proceedings, stating that the district court granted his "equal protection writ based on a gender discrimination claim." The State also argues, in its brief, that Rodriguez-Gomez presented a claim in his habeas application arguing that his prosecution was unconstitutional as a violation of his right to equal protection. And we have previously determined that a "selective-prosecution claim on the basis of equal protection is"

cognizable in a pretrial habeas writ and that a trial court has authority to dismiss a criminal charge based on a violation of the defendant's rights to equal protection. *Ex parte Aparacio*, 672 S.W.3d 696, 713 (Tex. App.—San Antonio 2023, pet. granted); *see State v. Gomez*, No. 04-22-00872-CR, — S.W.3d —, 2023 WL 7552682, at *6 (Tex. App.—San Antonio Nov. 15, 2023, pet. filed); *State v. Del Campo-Chavez*, 674 S.W.3d 714, *passim* (Tex. App.—San Antonio 2023, pet. filed); *see also Boetscher*, 812 S.W.2d at 604. Therefore, the limited record before this court suggests that at least one claim asserted by Rodriguez-Gomez in his habeas application was cognizable and that the trial court did have authority to dismiss the information against Rodriguez-Gomez.

Accordingly, based on the record before this court and the presumption of regularity of trial court proceedings, we conclude that Rodriguez-Gomez presented a cognizable claim to the district court and that the district court had authority to dismiss the information against Rodriguez-Gomez.

### 3. There Is No Jurisdictional Requirement that a Writ Issue

In its third issue, the State argues that the district court lacked jurisdiction to grant Rodriguez-Gomez's habeas application because, first, no writ was ever issued and, second, no writ was served on an officer having custody of Rodriguez-Gomez.

#### a. Explicit, Formal Issuance of a Writ Is Not a Jurisdictional Requirement

"The writ itself is merely the process by which all persons involved are noticed that the court is considering the issue, parties are physically attached, if necessary and the response (or the return) is made." *LeBlanc v. State*, 826 S.W.2d 640, 643 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). As such, "there is no jurisdictional requirement for the trial court to explicitly issue a writ before ruling on the merits of a petitioner's request for habeas corpus relief." *Del Campo-Chavez*, 674 S.W.3d at 717; *see Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008); *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded by statute on other*

*grounds as stated in Villanueva*, 252 S.W.3d at 395. In fact, "[w]hen a court decides the merits of the application, the court is considered to have issued the writ . . . ." *Ex parte Jagneaux*, 315 S.W.3d 155, 156 (Tex. App.—Beaumont 2010, no pet.); *see Villanueva*, 252 S.W.3d at 395; *Hargett*, 819 S.W.2d at 869; *see also Greenwell v. Court of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) ("The appealability of a habeas proceeding turns not upon the nature of the claim advanced but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ').").

In this case, the district court granted the relief requested by Rodriguez-Gomez in his habeas application, thereby ruling on the merits of the application. The district court therefore "is considered to have issued the writ." *Jagneaux*, 315 S.W.3d at 156; *see Villanueva*, 252 S.W.3d at 395; *Greenwell*, 159 S.W.3d at 650.

> b. We Must Presume the State Was a Party to the District Court Proceedings

Although explicit issuance of a writ is not a jurisdictional prerequisite for a trial court to grant habeas relief, the district court must obtain personal jurisdiction over the State prior to granting relief to a habeas applicant. *See, e.g.*, *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006) (Brister, J., concurring) ("A court cannot enter judgment against a party who has not been haled into court through proper service."); *In re Sloan*, 214 S.W.3d 217, 221 (Tex. App.—Eastland 2007, no pet.) ("Jurisdiction consists of two elements: (1) subject-matter jurisdiction and (2) personal jurisdiction."). But "[p]ersonal jurisdiction can be voluntarily waived by appearance." *Reata Constr. Corp.*, 197 S.W.3d at 379; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 ("[T]he personal jurisdiction requirement is a waivable right."); *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) ("Objections to personal jurisdiction may be waived, so a litigant may consent to the personal jurisdiction of a court through a variety of legal

arrangements."); *Escobar v. State*, 587 S.W.2d 714, 716 (Tex. Crim. App. 1979) ("A general appearance before the court by the principal, or by an attorney representing the principal, waives the requirement of service and establishes personal jurisdiction.").[8] Further, "where the Legislature has given no indication to the contrary the State must abide by the same rules to which private litigants are beholden." *State v. Naylor*, 466 S.W.3d 783, 792 (Tex. 2015). Finally, "we are required to presume the regularity of trial court proceedings." *Egger*, 62 S.W.3d at 224.

Here, the State contends that "no writ of habeas corpus was ever issued or served upon an officer having custody of" Rodriguez-Gomez. This argument is specious, however, as the State is not represented in a habeas proceeding by the "officer having custody of" the applicant, the State is represented by a district or county attorney. *See* TEX. CODE CRIM. PROC. arts. 2.01, 2.02, 11.39. And the State neither argues in its brief nor provides a record to show that (1) the appropriate

---

[8] Habeas proceedings in Texas are categorized as criminal proceedings and the rules of civil procedure ordinarily do not apply. *See In re Tex. Dep't of Crim. Justice*, 668 S.W.3d 375, 381 (Tex. Crim. App. 2023) (Slaughter, J., dissenting); *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004). And in criminal proceedings, "[u]nlike in civil cases, where personal jurisdiction over a party may be had merely by that party's appearance before the court, criminal jurisdiction over a person requires the filing of a valid indictment or information." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018).

But a habeas proceeding is initiated by either the issuance of a writ by a district or county court judge or the filing of a habeas application by or on behalf of an applicant; a habeas proceeding does not involve the presentment of a charging document to the court. *See* TEX. CODE CRIM. PROC. arts. 11.12, 11.13, 11.14, 11.16 (authorizing district and county court judges to issue writ without application therefor on behalf of persons illegally restrained within the judge's district or county); *see also In re Tex. Dep't of Crim. Justice*, 668 S.W.3d 375, 381 (Tex. Crim. App. 2023) (Slaughter, J., dissenting) ("[T]he nature of the proceedings and the interests at stake in a . . . habeas proceeding are distinct from those inherent in a criminal prosecution."); *Greenwell v. Court of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) ("[A] habeas corpus action is separate from the underlying criminal prosecution."). It would therefore make no sense to require the filing of a valid indictment or information for a habeas court to obtain personal jurisdiction over either the habeas applicant or the State. *Cf. In re Smith*, 665 S.W.3d 449, 458 (Tex. Crim. App. 2022) ("If no one expects an indictment to be returned in a particular type of case, then it makes no sense to say that the proceedings are 'before' indictment."). As a result, we look to the rules of civil procedure for guidance concerning whether and how a habeas court obtains personal jurisdiction over the State in a habeas proceeding. *See Ex parte Thuesen*, 546 S.W.3d 145, 151 (Tex. Crim. App. 2017) (looking to "the Texas Rules of Civil Procedure for guidance concerning the recusal of trial judges in criminal cases and habeas corpus proceedings" because the "Code of Criminal Procedure contains no procedures governing the recusal of trial judges"); *Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) ("Consequently, we hold that [Texas] Rule [of Civil Procedure] 18a applies in habeas proceedings that occur before the trial court."); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that Texas Rule of Civil Procedure 18a "applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise'" (quoting *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983))).

prosecutor did not enter an appearance during the habeas proceedings in the district court, (2) it was not otherwise made a party to the habeas proceedings, or (3) it was not provided notice that the district court was considering the writ. We must therefore presume, in the context of this collateral attack on the habeas proceedings and in the absence of a record of those proceedings, that the district court obtained personal jurisdiction over the State. *See Ex parte Rodriguez*, 466 S.W.3d 846, 852 (Tex. Crim. App. 2015) ("But the rule for collateral attacks is the opposite of the rule for direct attacks. For a judgment to be overturned on collateral attack, the record must affirmatively establish the *absence* of jurisdiction."); *Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 479 (Tex. 1993) (Gammage, J., concurring and dissenting) ("[P]ersonal jurisdiction is presumed *in a collateral attack* on the judgment." (emphasis in original)); *In re Blankenship*, 392 S.W.3d 249, 255 (Tex. App.–San Antonio 2012, no pet.) ("[I]n reviewing a collateral attack, our review is limited to whether the record affirmatively and conclusively negates the existence of jurisdiction."); *Egger*, 62 S.W.3d at 224; *Salazar*, 5 S.W.3d at 816.

### c. The District Court Did Not Lack Jurisdiction Based on Any Alleged Failure to Explicitly Issue a Writ

Because (1) formal issuance of a writ is not a jurisdictional requirement, (2) the State fails to argue or provide a record to show that it did not enter a general appearance in the trial court proceedings, that the trial court did not otherwise obtain personal jurisdiction over the State, or that it did not receive notice that the district court was considering Rodriguez-Gomez's habeas application, and (3) the district court had, in effect, issued the writ when it granted relief on the merits of Rodriguez-Gomez's application, we conclude that the district court did not lack jurisdiction based on any alleged failure of the district court to formally issue a writ.

4. We May Not Review the District Court's Decision to Grant Relief

In its final issue on appeal, the State argues that the evidence was insufficient to support Rodriguez-Gomez's habeas claim and that the district court therefore abused its discretion by granting relief. But, even if we had a record upon which to review this argument,[9] the State's argument, if correct, would not establish that the order was void and is therefore improper in a collateral attack. *See Galloway v. State*, 578 S.W.2d 142, 143 (Tex. Crim. App. 1979); *cf. Seidel*, 39 S.W.3d at 224–25 (holding that State could attack a void order either by direct appeal or collateral attack). As discussed above, the State failed to timely appeal from the district court's order. Accordingly, we may not consider the State's final argument.

5. The District Court Had Jurisdiction to Dismiss the Information

Based on the appellate record in this case, the district court had jurisdiction to dismiss the information against Rodriguez-Gomez. *See Salazar*, 5 S.W.3d at 816.

*C. The County Court's Order Dismissing the Information Was Void*

On January 10, 2023, the district court granted habeas relief to Rodriguez-Gomez in cause number 2022CVJ001437D2. Specifically, the district court dismissed the information pending in county court cause number 2022CRB000729L1 with prejudice. This order terminated the proceedings in the county court and extinguished the county court's jurisdiction over the criminal case against Rodriguez-Gomez. *See Young*, 810 S.W.2d at 223; *Moreno*, 807 S.W.2d at 333 & n.7; *Garrett*, 749 S.W.2d at 803 (internal citations omitted); *Haley*, 604 S.W.2d at 197; *Garcia*, 596 S.W.2d at 528; *Garber*, 667 S.W.2d at 613; *see also Alvarez*, 977 S.W.2d at 593. Accordingly, the county court lacked jurisdiction over the criminal proceedings against Rodriguez-Gomez on

---

[9] The State failed to provide us with a record that includes Rodriguez-Gomez's habeas application, any evidence attached to that application, a copy of the hearing, if any, in the district court, or any other evidence that was submitted to the district court related to Rodriguez-Gomez's habeas application. *See London v. State*, 490 S.W.3d 503, 508 (Tex. Crim. App. 2016).

February 16, 2023, and the county court's order dismissing the information, issued on that date, is a nullity and is void. *See Green v. State*, 906 S.W.2d 937, 939–40 (Tex. Crim. App. 1995); *Garcia*, 596 S.W.2d at 528; *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

**PROPER REMEDY**

The district court dismissed the information against Rodriguez-Gomez on January 10, 2023, thereby terminating the county court's jurisdiction over the information. Nevertheless, the county court issued an order on February 16, 2023, purporting to dismiss the already-dismissed case. Under these circumstances—wherein a court continues to act after losing jurisdiction—"the proper remedy is to return the parties to the positions they occupied prior to the trial court's actions." *Deifik v. State*, 58 S.W.3d 794, 798 (Tex. App.—Fort Worth 2001, pet. ref'd); *see Hopkins v. State*, No. 05-03-01683-CR, 2004 WL 2192198, at *1 (Tex. App.—Dallas Sept. 30, 2004, no pet.) (not designated for publication); *see also Ex parte Loyoza*, 666 S.W.3d 618, 626 (Tex. Crim. App. 2023) (finding trial court lacked jurisdiction when it revoked the applicant's community supervision and vacating the revocation order, thereby returning parties to the positions they held before issuance of the order). Accordingly, we **DECLARE** the county court's order dismissing the information against Rodriguez-Gomez void, leaving the district court's order dismissing the information against Rodriguez-Gomez in cause number 2022CRB000729L1 intact. *See* TEX. R. APP. P. 43.6; *Owens*, 907 S.W.2d at 486 ("While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void."); *see also Lozoya*, 666 S.W.3d at 627 (vacating district court order revoking the applicant's community supervision because the district court lacked jurisdiction to do so); *cf. Estate of Knies*, No. 05-18-00919-CV, 2018 WL 5603569, at *1 (Tex. App.—Dallas Oct. 30, 2018, no pet.) (mem. op.) ("When a party appeals a void order, we should declare the order void and dismiss the appeal for want of jurisdiction.").

Having determined that the district court dismissed the information pending against Rodriguez-Gomez in cause number 2022CRB000729L1 on January 10, 2023, and that the county court's order of February 16, 2023, is void, we must conclude that there was no actual controversy between the parties in the county court as of February 16, 2023, and we therefore have no jurisdiction over the State's attempted appeal. *See Garrett*, 749 S.W.2d at 803 ("Judicial power does not include the power to issue advisory opinions. An advisory opinion results when a court attempts to decide an issue that does not arise from an actual controversy capable of final adjudication." (internal citations omitted)); *Gomez*, 891 S.W.2d at 245 ("[J]urisdiction also depends on justiciability. And . . . for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought."). We therefore **DISMISS** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

Rebeca C. Martinez, Chief Justice

PUBLISH